# Snodgrass *v.* Caldwell.

*Action on Bond, or Note under Seal; Plea of Set-off.*

1. *Memorandum as evidence, in connection with testimony as to implied admission of correctness.*—Matters of account between the parties being disputed, and it being shown that defendants' book of original entries had been destroyed, after a copy had been made by their book-keeper, since deceased; and one of the defendants testifying in their behalf that he showed the last page of the account as copied, which contained many items and the general aggregate as added up, to the plaintiff, and that he made no objection to it; said memorandum is admissible evidence, in connection with the testimony of the witness, as explaining the admission implied from plaintiff's silence, or failure to object to its correctness.

2. *Note as evidence relevant to question of payment of former account.* Where the issue between the parties is payment *vel non* of an account claimed as a set-off, the giving of a note subsequently, by defendant to plaintiff, might be relevant evidence; but it is not shown to be relevant, when offered in connection with the statement that it was "not in any way connected with the settlement of said account."

. [Snodgrass v. Caldwell.]

3. *Objection to question without answer.*—When an objection is made and sustained to a question propounded to a witness, but it is not stated what answer was expected, nor shown that the answer would have elicited any information, the correctness of the ruling is not presented for revision.

4. *Declarations; when hearsay.*—Plaintiff, testifying in his own behalf, can not be allowed to state, "They collected these collaterals, which I can prove;" the words not implying personal knowledge of the fact, but merely information derived from others.

5. *Admissions as evidence.*—Admissions, when offered in evidence against the party making them, can not be garbled; but the rule leaves the jury to determine the credibility of the different parts, and does not require that every part shall be taken as equally true.

6. *Burden of proof as to payment.*—In an action on a bond, or promissory note under seal, a set-off being pleaded, to which the plaintiff replies payment, the *onus* rests on him to prove the fact of payment, and not on the defendant to disprove it.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by W. E. Snodgrass, against Geo. B. Caldwell, E. H. Caldwell, and D. K. Caldwell; was founded on the defendants' bond, or promissory note under seal, for $810.90, dated August 1, 1884, payable to plaintiff twelve months after date, with interest from date, and containing a waiver of exemptions; and was commenced on the 8th July, 1887. The trial was had on issue joined on the pleas of payment and set-off, and resulted in a verdict and judgment for defendants, for $451,34. The plaintiff reserved several exceptions to rulings on evidence, which will be understood from the opinion without any additional statement of facts; and he also excepted to each of the following charges, given on request of the defendants.

"( *A.* ). A merchant's books of original entries, made by him and his clerks, are evidence for him in court, when the entries are proved by him and the clerks who made the particular entries, and that they were made correctly at the time the things were sold; and on such proof being made, the books are evidence. In this case, according to the evidence, the books of original entries were burned up; and hence the books here in court, being copies of the destroyed books, are not admissible, except the entries on the last page, 642; and they are admitted to go to the jury as evidence, in connection with the testimony that said page was shown to plaintiff, and he made no objection to the account on it, and hence this part of the book is evidence."

"(1.) The plea of set-off is the claim of the defendant, and is called a cross-action. It is as though plaintiff had sued defendant on his claim, and then defendant had sued plaintiff on his claim; and each one is required to reasonably satisfy

[Snodgrass v. Caldwell.]

the jury, from the evidence, that his claim is correct, before they can allow it."

"(2.) Now, then, in regard to the plaintiff's claim: when he offers the defendants' note, this makes out his claim, unless defendant can satisfy you, from the evidence, that he has paid the debt, or has some other good defense to it; but, in this case, the defendants do not deny the note, but claim they have an account to set off against it."

"(3.) Defendants having offered their account as a set-off, it is on them to prove to the satisfaction of the jury that it is correct; but, if the plaintiff admits that he owed them an account of about $1,700, this establishes the correctness of their account for about that sum. Now, the *defendant* (?) says he has paid that account, and tells you how he paid it. If, having admitted the account, he relies on payment, the burden is on him to reasonably satisfy the jury that he has paid it; and this he should do by the greater weight of evidence; that is, his evidence that he has paid it should be of greater weight than defendants' evidence that he has not. If it is not as great, or only equal to the defendants', then he has failed to prove the payment, and the jury should, in that event, allow defendants' set-off, and take the claim of one side from the claim of the other, and render a verdict for the balance in favor of the one in whose favor such balance is found."

"(4.) If the plaintiff, on the trial of this cause, admitted that the account of Snodgrass & Caldwell, offered in evidence, was correct to the amount of about $1,700, but claimed that he has paid the account; then the defendants' case is made out as to so much of said account, and they are entitled to have it allowed, unless the plaintiff has satisfied the jury, by the preponderance of the evidence, that he has paid the account."

The rulings on evidence to which exceptions were reserved, and the charges given, are assigned as error.

R. C. BRICKELL, and HUNT & CLOPTON, for appellant.

J. E. BROWN, and WATTS & SON, *contra*.

STONE, C. J.—The present suit by Snodgrass was on a bond, or note under seal, and the defendants did not deny the execution of the bond. The defense was, first, payment, and, second, set-off. The set-off claimed was an account for a larger sum than the amount of the bond, alleged to be due from Snodgrass to the defendants. On the matter of the set-off, the testimony was greatly in conflict.

[Snodgrass v. Caldwell.]

Snodgrass had control of several plantations, and was in the habit of advancing to his laborers, or tenants. The proof leaves it in doubt whether the plantations were cultivated by hired labor, or by tenants. The advances thus made by him consisted largely in merchandise and supplies, purchased by him from merchants on time. The defendants' testimony tended to show that a considerable sum of the advances he had made were purchased by him from Caldwell Brothers on a credit, and that when they executed their bond to him, he owed them about seventeen hundred dollars on account, partly past due, and partly running to maturity. Their testimony also tended to show that the bond sued on rested on an independent consideration, having nothing to do with the account for merchandise sold. Many witnesses testified to sales of different items set forth in the account, as having been made within their knowledge; but this species of proof did not extend to each one of the various items which went to make up the total sum claimed. One of the defendants, being examined as a witness, testified that the books of original entries had been burned up, but that those entries had been copied in another book by the book-keeper of the firm, and that the book-keeper was then dead. He testified that all the items of the account were so copied, and that on the last page of the said account many items appeared, together with the sum or footing of the entire account, showing the amount claimed to be due from Snodgrass on the account. This witness testified, that he exhibited to Snodgrass the last page or sheet of said account, including the footing, and that said Snodgrass either admitted its correctness, or did not raise any objection to it. Said last sheet or page of the copy account was then put in evidence, against the objection of plaintiff, and he excepted.

This testimony, if believed, was pertinent and legal, only on the theory, that Snodgrass' admission of the correctness of the account, or his failure to object to it, was an express or implied admission of its correctness.—1 Greenl. Ev. § 197; 1 Brick. Dig. 835, § 439. If Caldwell testified truly, the page or sheet of the account testified to have been shown to Snodgrass, constituted part and parcel of the latter's admission, expressly made, or implied from silence, and the admission was meaningless without it. It was properly admitted.—Acklen v. Hickman, 63 Ala. 490; Mims v. Sturdevant, 36 Ala. 636; 1 Greenl. Ev., §§ 436, 437.

Plaintiff Snodgrass, when examined as a witness, admitted that he owed Caldwell Brothers about seventeen hundred dollars by account—about the amount claimed by them—but said he had paid it, and he owed them nothing. He said it

[Snodgrass v. Caldwell.]

had been taken into the account and settled, when the bond was executed on which this suit was brought. He denied that the sheet or page of the account had ever been shown to him, as testified to by Caldwell. He was asked by his counsel, "Whether he took any note or notes of the Caldwell Brothers after the note in suit was executed? Defendant objected to this question. Plaintiff here stated that he [did] not remember that Caldwell Brothers' account was in with the Snodgrass & Caldwell account; and his counsel stated that they did not expect to show that the note inquired about was in any way connected with the settlement of Caldwell Brothers' account. Thereupon the court sustained the objection, and the plaintiff then and there excepted." We have quoted literally.

It had been testified during the trial, without conflict, that one Snodgrass ( not plaintiff ) and Caldwell had been partners in merchandise, and that Snodgrass sold his interest to another Caldwell, when the firm of Caldwell Brothers was formed, and continued the business. A large part of the account claimed as set-off had been due to Snodgrass & Caldwell, and when the sale and change of partnership took place, this claim passed over to, and became the property of, the new firm of Caldwell Brothers. It will have been discovered, that the real issue in this case was, whether or not the plaintiff, Snodgrass, owed the account which was claimed as a set-off. Upon all other questions the litigants were agreed. And they were practically agreed on this, except as to the disputed assertion of its payment. So, payment *vel non* of that account, was the real and only issue of fact before the jury. *Prima facie*, any testimony that was not " in any way connected with the settlement of the Caldwell Brothers' account," would seem to have been irrelevant. But for this statement we could conceive of bearings the giving of a later note might have on the inquiry of payment of the account. Stated as the question is, we can not affirm that the Circuit Court erred in excluding the evidence. But it is not shown the answer would have elicited any information.—*Roberts v. State*, 68 Ala. 515; *Tolbert v. State*, 87 Ala. 27.

Some testimony was given tending to show a partial payment of the account claimed as a set-off, by a sale of corn from Snodgrass to Snodgrass & Caldwell, while the account remained their property. In reply to this, there was testimony tending to show that the corn was paid for in notes turned over by Snodgrass & Caldwell to plaintiff. On re-examination in reference to this transaction, the plaintiff stated, "The Caldwells collected these collaterals, which I can prove." This an-

[Snodgrass v. Caldwell.]

swer, on objection of defendants, was ruled out by the court. There was no error in this. The natural import of the language was, not that the witness had personal knowledge of the collection, but that he could make proof of it. This was mere hearsay, and properly excluded. If the witness had any personal knowledge on the subject, it should have been called out by further interrogation.

We do not understand charge "A" as appellant's counsel does. Its first paragraph, or phrase, is simply a statement of the rule for admitting books of original entries in evidence. That clause has no direct bearing on this case, for no books of original entry were offered in evidence. In the second clause, commencing with the words, "In this case," the court, as a predicate for the instruction intended to be given, stated what the testimony bearing on the subject tended to prove. "According to the evidence," is the language of the instruction; and there was no conflict in the testimony that the books of original entry had been burned. The court rightly instructed the jury that the book before them, being only a copy, was not, *as a book*, admissible in evidence. We suppose this was in reference to some contention which had been pressed in the trial. The real point of the instruction was, that the jury, "in connection with the evidence," could consider the page of the book, and only that page, which Caldwell testified had been shown to Snodgrass. In this the court committed no error, as we have shown in a former part of this opinion.

Charges 1 and 2 are so manifestly correct we will not comment on them.

The objection to charges 3 and 4 is confined to that portion of them which declares the burden of proof of payment of the account relied on as set-off. Plaintiff, in his testimony, admitted that he had owed an account for about the amount claimed, but said he had paid it. The instruction was, that the plaintiff having admitted the indebtedness, the burden was on him to prove its payment; "and this he should do by the greater weight of evidence; that is, his evidence that he has paid the account should be of greater weight than the defendants' evidence that he has not paid it." It must not be overlooked that this was the case of an admission made by the plaintiff while giving his testimony.

It is certainly the rule, that when admissions are relied on as evidence against the party making them, they can not be garbled, and only such portions as the offerer chooses put in evidence. But the rule does not require that every part of the admission shall be taken as equally true. The rule is the same as that which relates to confessions; and it is for the

[Troy Fertilizer Co. v. Logan.]

trying body to determine the credibility of the different parts. 1 Greenl. Ev. § 201; 3 Brick. Dig. 285, § 547; *Binford v. Dement,* 72 Ala. 491; *Zelnicker v. Brigham,* 74 Ala. 597. The rule is different when facts are admitted as a basis of trial.

The general rule is, that the burden of proof is on him who asserts, and not on him who denies; and confession and avoidance is not an exception to the rule. To test this, let us suppose the pleadings had been drawn out in full. The plaintiff declares on his bond, made by defendants, and payable to himself. Defendants confess and avoid; that is, they admit the making of the bond, but aver that plaintiff owes them a larger sum, which they seek to set off. Plaintiff then confesses and avoids, by replying, not that he never owed the account pleaded as set-off, but that he had paid it. This leaves the question of payment of the account the only issue in the cause, and on that issue the burden of proof is on him who asserts payment. Charges 3 and 4 are free from error.

Affirmed.