[Harris v. Basden.]

# Harris *v.* Basden.

## *Assumpsit.*

(Decided June 30, 1909.   50 South. 321.)

1. *Evidence; Contract; Denial of Execution.*—Although execution is denied by a sworn plea, a contract sued on is admissible where there is sufficient proof of its execution.

2. *Contract; Construction; Immaterial Matter; Variance.*—The insertion or use of the word "and" in a contract describing land by government subdivision in the place of the word "of" is immaterial, especially where no objection is made to the introduction of the contract on the ground of variance, and where the parties made but one contract which was sued on, and though very lengthy, both copies were in other respects identical.

3. *Appeal and Error; Offer of Evidence.*—In order to put the trial court in error for declining to allow a question to be answered, the party asking the question must suggest to the court what it was expected to elicit, and how it would be relevant.

4. *Same; Review; Presumption.*—The Supreme Court always presumes there is no error in the rulings of the trial court; error must affirmatively appear.

5. *Same; Record; Grounds of Review; Evidence.*—Where the record fails to show what answer a witness made to a question to which an objection was overruled no ground for reversal is presented.

6. *Same; Harmless Error; Charge of Court.*—Where charges are confused and uncertain and are given, and may result in misleading tendencies, yet, the adversary party has the right and should correct the same by explanatory charge, and so the giving of such charge is not reversible error.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by John L. Basden against W. W. Harris. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following charge was refused to the defendant: "The burden of proof is on the defendant to make good his case, and I charge you that, if you believe from the evidence that the timber and cross-ties enumerated on the book offered in evidence were cut on the entire 640

acres described in the complaint, then your verdict should be for the defendant."

KIRK, CARMICHAEL & RATHER, for appellant. Where one suing on the contract embodies in his complaint the several common counts, but on the trial presents and maintains an issue only on the contract, evidence as to the common count is irrelevant.—*Florence C. & I. Co. v. Fields,* 104 Ala. 471. There was a variance between the allegation and the proof offered.—*L. & N. v. Dancey,* 97 Ala. 338; *Reeder v. Huffman,* 148 Ala. 472. When this happens the defendant is entitled to the affirmative charge.—*Peck v. Ashurst,* 108 Ala. 429; *Stewart v. Tucker,* 106 Ala. 219. The court erred in refusing to allow defendant's counsel to propound certain questions to the plaintiff and witness Ashcraft. These questions had no tendency to establish any special defense required to be specially pleaded, but to bring out matter in denial of plaintiff's cause of action, and should have been allowed.—*Petty v. Dill,* 53 Ala. 641. Counsel discuss other assignments of error, but without citation of authority.

JAMES JACKSON, and ALMON & ANDREWS, for appellee. No brief came to the Reporter.

MAYFIELD, J.—This complaint contained four counts. The first declared on a written contract for the price of certain timber of plaintiff, alleged to have been cut by defendant or his agents under said contract. The others were the common counts. To the complaint the defendant filed several pleas: First, the general issue; second, non est factum; third, payment. The trial resulted in a verdict and judgment for plaintiff, from which the defendant appeals, assigning numerous errors.

[Harris v. Basden.]

The trial appears to have been had exclusively as to the first count of the complaint.

Recovery seems to have been sought and had under this count alone. There was no error in allowing the introduction of the written contract in evidence. There was sufficient proof of its execution to authorize its introduction in evidence, notwithstanding its execution was denied by a sworn plea.

The alleged variance claimed by appellant between the contract sued on and that offered in evidence is evidently a clerical error in the use of the word "and" for the word "of," and, while it makes the contract introduced in evidence describe more land than the contract declared on, yet it, with the clerical error, describes all the land which is described in the contract sued on. We think it a mere clerical error, self-correcting because no objection was made to its introduction on this ground of variance or difference in description of the lands, and it was not claimed that the parties ever made but the one contract sued on, and the two, though very lengthy, are identical with this exception of the use of the word "and," in describing the lands by government numbers, where the word "of," should have been used.

We cannot know whether or not there was error in the trial court's declining to allow plaintiff to answer various questions propounded to him as a witness as to an alleged contract made by him with the Florence Wagon Company as to the lands or timber in question. It does not sufficiently appear what the answer would have been, nor does it sufficiently appear from the bill of exceptions that any answer would have been material or relevant to any issue on trial, which is necessary in order to put the trial court in error in declining to allow such questions to be answered. Defendant should

have suggested to the court what he proposed to prove by the witness as to such contracts, and how it would be relevant and competent as evidence on this trial. The answers to these questions may or may not be relevant. Whether they were or not does not affirmatively appear, without which the trial court cannot be put in error. The presumption must be indulged by this court in favor of the ruling of the trial court.

The same is true as to the questions propounded by defendant to the witness Ashcraft, attorney for the Florence Wagon Company, to the same contracts between the wagon company and plaintiff as to the lands and timber in question. It is not shown what the answers would have been, nor that the answers would be relevant or competent evidence.—*Snodgrass v. Caldwell,* 90 Ala. 319, 7 South. 834. So, when an objection to a question is overruled by the court, and the record fails to show what answer the witness made, if any, the ruling of the court is not reversible on appeal.—*Hughes v. State,* 75 Ala. 31; *Jackson v. Clopton,* 66 Ala. 29.

It was not reversible error to give the following charge requested by plaintiff: "The plaintiff would be entitled to recover the value of the amount of the timber which the evidence has satisfied you was cut by defendant, by himself or agent, and not paid for. If the plaintiff claims for more than was cut (if any was cut), but has proved the whole amount. claimed, yet if he has proved a certain amount was cut, then your verdict be only for the amount that was proved." There must be some clerical error in copying the charge into the transcript. As it is written, it is confused, indefinite, and uncertain, and might authorize a recovery if the timber was cut by plaintiff's agent, without authority from, or consent or knowledge of, defendant; but it could have been corrected by an explanatory charge.

[Childress v. Smith-Echols-Burnett Hdw. Company.]

The real disputed question in the case was whether Hall, who executed the contract in defendant's name and cut the timber under the contract, had any authority from defendant to so purchase or cut the timber. Defendant not only denied Hall's authority but also denied any knowledge of it, until shortly before suit was brought.

Charge 21 stated a correct proposition of law as applied to the facts in this case, and its refusal was error, for which the judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.