# Edmondson *v.* The State.

*Violating Prohibition Law.*

(Decided June 19, 1912. Rehearing denied June 11, 1912. 59 South. 229.)

1. *Intoxicating Liquors; Indictment.*—An indictment charging the defendant with having sold spirituous, vinous or malt liquors without license and contrary to law, is sufficient.

[Edmondson v. The State.]

2. *Trial; Specifying Charge.*—Where there were two indictments pnding against the defendant similar in character, and the defendant entered a plea of not guilty to one indictment and entered upon the trial the State was not required to inform the defendant under which indictment he was being tried as the defendant had that information, having entered a plea of not guilty to a particular one and gone to trial.

3. *Charge of Court; Invading of Jury.*—It is the province of the jury to believe or not to believe the testimony of an impeached witness, and hence, a charge asserting that if a witness had willfully sworn falsely in one particular, the jury should disregard his entire evidence, was improper.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Sam Edmondson was convicted of violating the prohibition law, and he appeals. Affirmed.

The indictment charges the defendant with selling spirituous, vinous, or malt liquors without license, and contrary to law. The facts in reference to the indictment appear in the opinion of the court. Charge 1 is as follows: "If the jury believe from the evidence that Sowell Newsome swore willfully false in one particular in this case they should disregard the evidence of said witness entirely."

J. E. Z. RILEY, and H. L. MARTIN, for appellant. The court denied the defendant his constitutional right to know with what offense he was charged in declining to have the solicitor inform the defendant as to which of the two indictments for the sale of liquor he was proceeding under. The motion to dismiss the appeal should be denied as it was not made within the time limited by amended rule 41.—*Peters v. Nolan,* 57 South. 398; *Martin Mach. Wks. v. Miller,* 136 Ala. 629. The bill of exceptions does not become a part of the record until filed, and no duty rests upon the clerk to make a transcript until the bill is filed.—*Ex parte Cameron,* 81 Ala. 87; *Ex parte Knight,* 61 Ala. 485.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Charge 1 was properly refused.—*Lowe v. The State,* 88 Ala. 8. The motion to quash is in the irrevisable discretion of the trial court.—*Davis v. The State,* 2 Ala. App. 200. The court was not in error in refusing to have the defendant informed of what he already knew.

DE GRAFFENRIED, J.—1. The indictment in this case was sufficient.—*John Freeman v. State, Infra,* 59 South. 228.

2. We gather from this record that here were two indictment against this defendant, that both were similar in language, and that the names of the same parties appeared upon the back of each indictment as witnesses for the state; in other words, that the two indictments were similar in all respects. We gather from the record, also, that one of the defendant's cases was set down for trial on one day and the other case for the next succeeding day. After the present case (the case set for the first day) had been called for trial, and the defendant had not only pleaded not guilty to the indictment, but the trial had been entered upon—in fact, while the witnesses were being examined—the defendant moved the court to require the solicitor to inform him as to *what* indictment he was being tried under. The court very properly refused to place any such requirement upon the solicitor. The defendant already had in his possession the information which he desired the court to require the solicitor to disclose. He had then pleaded not guilty to a particular indictment, and his trial was then being had under that indictment.

3. The effort of the defendant to show by evidence that he was tried for a sale of liquor for which he had not been indicted—if *such a defense is available under an indictment* for *selling* spirituous, vinous, or malt li-

quors without a license (see section 7353 of the Code) —was plainly abortive. There was abundant evidence tending to show that the defendant was indicted by the grand jury, upon sufficient evidence brought before that body, for the specific sale for which he was indicted, tried, and convicted.

4. Charge 1, requested in writing by the defendant, was patently bad. While a jury may disregard the testimony of an impeached witness, there is no law requiring that they *shall* do so.—*Lowe v. State*, 88 Ala. 8, 7 South. 97.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed.

### *Violating Prohibition Law.*

