# Sellers *v.* The State.

## Shooting Into Dwelling House.

(Decided February 6, 1913. 61 South. 485.)

1. *Indictment and Information; Language of Statute.*—As a general rule the offense may be charged in the language of the statute where the statute creates an offense unknown to the common law and describes its constituents.

2. *Same.*—Section 6897, Code 1907, does not make it a misdemeanor to shoot into a dwelling house accidentally or in the lawful exercise of the right of self-defense, and hence, an indictment drawn under such statute is insufficient if it fails to charge that the shooting was done unlawfully.

3. *Same; Defects; Cured by Evidence.*—Where the indictment for shooting into a dwelling house did not negative an accidental shooting or a shooting in self-defense the defect was not cured by evidence showing conclusively that whoever did the shooting did it neither accidentally nor in self-defense.

4. *Assaults; Evidence.*—Where the evidence of the state's wit-
nesses tended to show that the persons who did the shooting which
entered the dwelling were walking and had no horse, and that sub-
sequently on the same night the same persons returned on horse-
back and again shot into the house, and the defendants admitted
that they passed the house and heard the shooting, and that although
they were walking, they were leading a horse, and that they met
two unknown persons who had no horse, and offered to prove that
two persons residing in the neighborhood each had a horse stolen
or taken out of his lot and ridden on the night of the shooting, such
evidence was competent as tending to corroborate defendant's theory
that the shooting was done by such unknown person, and that it
was such persons on the stolen horses who did the shooting.

5. *Trial; Reception of Evidence.*—It was error for the trial court
to exclude questions propounded by defendant's counsel without
permitting him to state what he expected to prove thereby in order
that the relevancy thereof might be reviewed on appeal.

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

George Sellers was convicted of shooting into a dwell-
ing house and he appeals. Reversed and remanded.

E. R. BRANNAN, for appellant. Counsel discusses the
demurrers to the indictment with the insistence that
they should have been sustained, but cites no authority
in support thereof. It is a rule of evidence that where
the court sustains an objection to a question, the de-
fendant should suggest to the court the purpose in ask-
ing the questions and the testimony sought to be elic-
ited in order to determine its admissibility and mate-
riality, and that unless this is done, the court on appeal
will not review the same.—*Harris v. Basden,* 162 Ala.
369; *Roberts v. The State,* 68 Ala. 515. The evidence of
Dr. Crowder was hearsay and should have been exclud-
ed.—*Marks v. Hastings,* 101 Ala. 165; *McIntyre v.
White,* 124 Ala. 177.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. Coun-
sel discuss the assignments of error, but without cita-
tion of authority.

THOMAS, J.—Section 6897 thus provides: "Any person who shoots a pistol or other firearm * * * at, into, in, through, or against a dwelling house, etc., shall be guilty of a misdemeanor, and on conviction fined not more than one thousand dollars," etc.

The defendant was arrested and tried in the law court of Pike county on affidavit and warrant charging (omitting other averments immaterial to the consideration here) that defendant "shot a pistol or other firearm at, into, in, through or against a dwelling house the property of affiant." The defendant interposed a demurrer thereto on the ground, first, that it charged no offense, and, second, that it failed to allege that the shooting was unlawfully done.

The general rule is that when a statute creates a new offense, unknown to the common law, and describes its constituents, the offense may be charged in the language of the statute.—*Lodano v. State*, 25 Ala. 64; *Smith v. State*, 22 Ala. 54; and authorities cited in 1 May. Dig. p. 823.

But every rule has its exceptions. It will be observed that the affidavit or information in this case follows literally the language of the statute; yet we are of opinion that it is not sufficient to charge the offense condemned by the statute, for the reason that, in order to uphold the statute, we are constrained to construe it as intended to prohibit the willful or intentional shooting at, into, in, through, or against the dwelling of another, and when not acting in self-defense. We are not of opinion that the statute was designed to make it an offense to accidentally shoot into another's dwelling, in the absence of criminal negligence causing the accident; nor do we think it was intended to render criminal the shooting into such dwelling, when the person doing the shooting was at the time in the act of defending himself

against the felonious attack of another under such circumstances that he would be justified under the general law of self-defense.—*Davenport v. State,* 112 Ala. 50, 20 South. 971. Hence, under our construction of the statute, it is not every shooting into another's dwelling that will constitute an offense under it; and therefore an information or indictment that merely charges that a named person "shot a pistol or other firearm at, into, in, through, or against the dwelling house" of another designated person charges no offense, since included in the charge are acts which are innocent, such as a shooting done accidentally or one done in the lawful exercise of the right of self-defense. It would have been no answer or defense to the charge, as here preferred, if the defendant, under the plea of not guilty, had shown that the shooting was entirely accidental or in self-defense, for it would still be a shooting into the house of another, which is all that is charged. The information or indictment, in order to be sufficient in charging the offense condemned by the statute, should charge that the person "unlawfully" or "contrary to law" "shot a pistol or other firearm at, into, in, through, or against" such dwelling house, thereby excluding the idea that it was done accidentally or in self-defense.

Section 6893 makes it an offense to present a pistol or other firearm at another. It has been construed by our Supreme Court as not intending to render criminal the presenting of a pistol or other firearm at another when, under the circumstances, the act was justified by the general law of self-defense.—*Davenport v. State,* 112 Ala. 50, 20 South. 971, supra. And the form prescribed by the Code for an indictment under that section reads:

"A. B. did unlawfully present a firearm at C. D."— Code, § 7161, form 60; *Elmore v. State,* 140 Ala. 184, 37 South. 156. The word "unlawfully" here employed in

6 CA

the indictment is not found in the statute itself creating
the offense; yet the Legislature deemed its use essential
in charging the offense intended to be condemned by the
statute, which supports the conclusion we here reach
that it or its equivalent is necessary in charging an of-
fense under the statute we are considering.

While the evidence here shows conclusivly that the
person, whoever it was, that shot into the dwelling house
of the prosecutor did so neither accidentally nor in self-
defense, yet this cannot, of course, alter the necessity
for enforcing the essential rules of pleading requiring
that the information itself charge an offense.

The evidence for the defendant tended to show that
while he and his companion, when en route home from
Linwood on the night of the shooting and near the time
thereof, did pass along the public road by prosecutor's
house, where the shooting was done, yet neither of them
did it, nor had anything to do with it, nor knew who
did; but that they heard the shooting some time after
they passed prosecutor's house, having met, before they
heard it and shortly after they passed prosecutor's
house, two unknown persons in the public road going
in the direction of prosecutor's house, whom they were
unable to recognize, and unable to tell whether they
were black or white, on account of the darkness. If de-
fendant and his companion be believed, the description
of these unknown persons, who, according to their testi-
mony, were walking and had no horse, more nearly cor-
responded to that of the persons who did the shooting,
described by the state's witnesses as walking and hav-
ing no horse, than defendant and his companion, who,
as the latter state, were walking, but were leading a
horse.

The evidence for the state showed further that the
persons who did the shooting, though being on foot at

[Sellers v. The State.]

the time and having no horse, subsequently on the same night, and some time after the first shooting, returned to prosecutor's house on horseback and again shot into it, and that upon examination of some of the horse tracks the next morning, some of them had a peculiarity like those usually made by defendant's horse. After this and other material evidence by the state tending to show that defendant was one of the persons engaged in the shooting, and after the evidence by the defendant tending to explain, consistent with his innocence, his presence with his horse and companion near the scene of the crime just before the shooting occurred, and his entire absence at the time thereof and at the time of the second shooting, and after the evidence for the defendant tending to show that the shooting may have been done by two unknown persons, whom he and his companion met walking in the road that night, the defendant then introduced two witnesses, who each resided in the neighborhood of the crime, and to each of whom he propounded the following question: "If his (witness') horse was stolen or taken out of his lot and ridden on the night of the shooting by an unknown party or parties, and without his consent?" In the face of the state's evidence that the persons, who were afoot, and who shot into the house the first time, were the same persons who later returned on horseback and shot into it a second time, we can readily conceive how an affirmative answer to this question would, if properly connected, be competent evidence, as it would be a circumstance tending to support the theory of defendant's evidence that the first, as well as the second, shooting was done by the two unknown persons referred to, and that it was not defendant, but these persons on these stolen horses who were at prosecutor's house doing the second shooting. Of course some of the state's witnesses swore that they

recognized the defendant as one of the two parties at the first and second shooting, but it was for the jury to say, from all the evidence, whether or not it was the defendant; and he had the right not only to offer positive evidence that it was not he, but circumstantial evidence to show that it was somebody else.

To this question stated, however, the solicitor objected, and the court sustained the objection. The defendant's counsel then rose and asked permission to make known to the court what he expected and proposed to prove by the witnesses: The court refused to let defendant's counsel state what he expected to prove by the witnesses, and refused to permit the question to be asked the witness. To these several actions of the court the defendant separately excepted. In this we are of opinion the court was in error. The rule, which seems to be settled by the decisions of our Supreme Court, is that, when an objection is sustained to a question propounded to a witness, the party asking the question should then make known to the court the testimony he seeks to elicit from the witness in order that the court may determine whether or not the evidence sought is relevant and competent.

It is further settled that on appeal, when error is predicated upon an exception to the action of the trial court in sustaining an objection by the other party to questions propounded to a witness, the trial court will not be put in error, unless it appears that it was made known to the court what testimony it was expected to elicit by the question, and unless it further appears that it was material to the issues in the case.—*Harris v. Basden,* 162 Ala. 369, 50 South. 321; *Snodgrass v. Caldwell,* 90 Ala. 319, 7 South. 834; *Insurance Co. v. Moog,* 78 Ala. 284, 56 Am. Rep. 31; *Roberts v. State,* 68 Ala. 515. Here we do not know what answer the witness would

[Bartlett v. The State.]

have given to the question, and cannot say, therefore, whether it would be material to the issue; but our lack of information is not due to any failure or neglect on the part of defendant's counsel to attempt, by established methods, to properly inform us and the court below, but to the action of the trial court in refusing to permit him to do so. In this the court was in error. The Constitution guarantees to the accused the right to be heard by himself and counsel, or either. If the court feared that a statement from defendant's counsel as to what he expected to prove by the witness might improperly prejudice the jury, the court should have had the jury to retire, pending the hearing; but certainly the court should not have foreclosed the defendant's counsel of his right to be heard, and thereby rendered it impossible for a reviewing court to pass on the relevancy and competency of the testimony he offers to produce.

There are other errors in the record; but, as they were without injury to defendant, we deem it unnecessary to consider them. For those pointed out the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.