[Robbins v. The State.]

# Robbins v. The State.

### *Assault With Intent.*

(Decided June 30, 1915.   Rehearing denied July 19, 1915.
69 South. 297.)

1. *Witnesses; Subpoena Duces Tecum.*—The court will not be reversed for refusing a motion for a subpoena duces tecum unless the making of the order would probably have resulted in the production of the articles wanted, and unless the person against whom it was sought was in possession of and had control of such articles so that he could produce them in response to the subpoena, and unless the evidence as to such possession or control would be sufficient to justify the lower court in holding such person for contempt in the event he failed to produce them.

2. *Appeal and Error; Review; Discretion.*—Where there was evidence that the person against whom a subpoena duces tecum was moved for, had never been in possession of the articles desired, the credibility of the witnesses being a matter addressed to the trial court the refusal of the trial court to grant the motion for the subpoena will not be held to be erroneous.

3. *Same.*—Where the refusal was based on the ground that the movant failed to offer in support of his motion any evidence tending to show that the clothes, the subject of the subpoena, if produced would be material evidence on any issue in the case, and such refusal was sustained by the evidence the judgment will not be reversed since neither the trial court nor the appellate court could be required to presume that they would have been material.

4. *Witnesses; Impeachment; Inconsistent Statement.*—The credit of a witness may be impeached by showing that he made statements out of court contradictory to those that he swore to on the trial.

5. *Same.*—Where a party attempted to impeach a witness by showing contradictory statements, the party offering the witness may produce evidence of such witness's good character for truth and veracity.

6. *Same; Defendant.*—Where a defendant voluntarily takes the stand as a witness in his own behalf, his credibility may be impeached by inquiry into his general character, and the issue need not be limited to his reputation for truth and veracity.

7. *Same; Bias.*—The fact that the person alleged to have been assaulted, had confessed judgment as surety with a witness as principal, for the fine and costs upon the conviction of a witness for a misdemeanor, was competent to show witness's bias in favor of the person assaulted, notwithstanding, if the person assaulted had confessed judgment with the witness merely as a so-surety for another as principal, such fact, standing alone, would not tend to show such bias.

8. *Same; Form of Question.*—Where the question was whether the person assaulted had that day "confessed in this court with" the witness, it was indefinite as not ponting out whether the confession was of judgment or of something else, or if a confession of judgment, whether it was with the witness as principal or with such witness as a co-surety with some other person as principal, either of which is permitted by the Code.

9. *Appeal and Error; Harmless Error; Evidence.*—Where it did not appear but that the witness would have answered in the negative, then where the record did not show that after objection was sustained, the defendant stated to the court that he expected an affirmative answer, or as to what he proposed to show by the witness, any error in excluding a question bearing upon the bias of the state's witness must be held harmles under rule 45, Supreme Court Practice.

10. *Witnesses; Examination; Discretion.*—Where defendant had been allowed full latitude in the cross-examination of the witness, and the witness had already fully answered the question, it was not an abuse of the court's discretion to sustain the state's objection to questions calling for the same matter.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Frank Robbins was convicted of an assault, and he appeals. Affirmed.

W. H. STODDARD, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-ELL, Assistant Attorney General, for the State.

THOMAS, J.—(1, 2) The bill of exceptions recites, among other things, that: "After the jury had been impaneled and had gone into the box, the defendant [who was charged with assault with intent to murder] stated to the court, through his counsel, that the clothes which defendant wore at the time of the difficulty with William Courtney [the person alleged to have been assaulted] were left by defendant in the custody of the sheriff of Crenshaw county to be used as evidence in the case; that defendant was informed and believed that one Clem Williams, a son-in-law of said William Courtney, had, by making false statements to the janitor of the jail, obtained said clothes, and now refused to produce them

in court, although he had been duly subpœnaed duces tecum,, for the purpose of getting said clothes into court, and that he had been duly served with such subpœna and was in court. Defendant then moved for an order directed to said Clem Williams requiring him, the said Clem Williams, to produce in court the clothes above mentioned."

The court then examined witnesses touching the matter, including the said Clem Williams, who was first sworn, and who testified that he had never asked anybody for nor obtained said clothes, and that he was not in possession of them, and had never been, and did not know anything whatever about them.

While it is true that the janitor of the jail, upon then being sworn, testified that a person came to him and obtained said clothes by stating that defendant sent for them, and while it is further true that he testified, after Clem Williams had been called around and exhibited to him, that Clem Williams was the man, still he qualified this statement by saying that the man who asked for and obtained the clothes was a man who had himself been confined in the jail there a while. Clem Williams then testified in rebuttal that he had never been an inmate of the jail, but admitted that he had been there to visit his brother. The court thereupon overruled defendant's motion, to which the latter excepted.

The court could be reversed for refusing to grant the motion and to make the order moved for therein only in the event it should be made satisfactorily to appear that the making of the order would probably have accomplished its purpose—that is, would probably have resulted finally in a production of the clothes mentioned —only in the event it should be made to satisfactorily appear, from the evidence offered in support of the mo-

tion, that Clem Williams was in possession of, or had control of, said clothes and in such way that he could have produced them in response to such an order, had one been made, only in the event it should be made to satisfactorily appear that the evidence as to such possession or control was such as would have been sufficient to justify the lower court in holding Clem Williams in contempt, should the latter have failed, had the order been made, to comply therewith by producing said clothes in court; otherwise the making of the order would have been a useless thing, since, in the absence of such evidence, it could not have been enforced. The court might have made the order; but, when it refuses to do so, it will not be reversed therefor, unless the evidence is such that we can say that the person to whom it was prayed that the order be directed would have been guilty of contempt for a failure to obey it, if it had been made. We cannot, as seen from the recitals of the evidence, so affirm in this case; for, even assuming, which is the most that defendant can contend, that the evidence as to the obtaining and possession by Clem Williams of the clothes was in dispute, the credibility of the witnesses was a matter to be judged of by the trial court, who saw the manner and demeanor of each of such witnesses on the stand, and who was consequently in better position to determine which was the most worthy of belief, and which was mistaken, or which, if either, had sworn falsely. We are not prepared to say, therefore, that the court erred in the conclusion, which it evidently reached, that Clem Williams was not the man who obtained from the janitor defendant's clothes.

(3) Besides, the action of the court in refusing the motion may be sustained on another basis, and that is

because of the failure of defendant to offer in support of the motion any evidence whatever tending to show that the clothes, if obtained, would be material evidence on any issue in the case. Neither the lower court nor we are required to presume that they would have been.

(4, 5) The credit of a witness may be impeached by showing that he made statements out of court contradictory to what he swore in court on the trial, and, when so impeached, it is competent for the party offering the witness to sustain his testimony in court by offering evidence of his good character for truth and veracity; hence the court did not err in allowing the state to prove the good character for truth and veracity of its witness William Courtney, who defendant's evidence tended to show had made out of court statements contradictory to his testimony in court.—*Holley v. State,* 105 Ala. 100, 17 South. 102, and cases cited.

(6) When a defendant in a criminal case testifies as a witness for himself, as was done here, his credibility may be impeached by inquiry into his general character, and the inquiry is not limited to his reputation for truth and veracity; consequently there is no merit in the objections by defendant to the evidence offered by the state as to defendant's general bad character.—*Byers v. State,* 105 Ala. 31, 16 South. 716; I Mayf. Dig. 157, § 5.

(7, 8) The defendant on cross-examination asked the state's witness Dothan Smith the following question, to which the court sustained an objection, to wit: "Didn't he [referring to William Courtney, the person assaulted] confess in this court with you to-day?" While it would have been entirely competent, we think, as insisted in the brief of defendant's counsel, for defendant to prove, if he could, as tending to show bias on the part of the witness in favor of the person assaulted, that such

person had that day as surety confessed judgment with the witness as principal for the fine and cost on conviction of the witness for a misdemeanor as provided by section 6251 of the Code (*Hosey v. State*, 5 Ala. App. 8, 59 South. 549, and cases cited), yet the question before quoted, to which the objection mentioned was sustained, was too general to elicit such fact, if such was a fact (*Roberts v. State*, 68 Ala. 515), though, we may add, there is nothing to indicate that it is a fact except a statement to that effect in appellant's brief (*Harris v. Basden*, 162 Ala. 369, 50 South. 321; *Sellers v. State*, 7 Ala. App. 84, 61 South. 485). The question does not point out to what kind of a confession it had reference, whether to a confession of judgment, whether the confession was with witness as the principal or with witness merely as a cosurety for some other person as principal, either of which is allowed by the law.—Code, §§ 6251, 7631, 7632. If Courtney had confessed judgment with the witness merely as a cosurety for some one else as principal, we are not of opinion that such fact, standing alone, would tend to show bias on the part of the witness in favor of Courtney, and evidence of it would, consequently, have been inadmissible. The question mentioned was broad enough to permit of an answer stating such a fact, and the court properly, therefore, we think, sustained the objection to it.—*Roberts v. State, supra.*

(9) Besides, even if the court erred, we are unable to say, as we must (see rule 45 175 Ala. xxi, 61 South. iv) say before we are at liberty to order a reversal, that the error probably injuriously affected the case; since, for aught to the contrary appearing in the record, the witness, if he had been permitted to answer the question, would have answered it in the negative. If so, de-

fendant certainly was not injured by the court's refusal to allow the witness to answer the question.—*Bone v. State, infra,* 68 South. 702. It is incumbent on defendant, not only to show error, but injury. (Supreme Court rule supra), and for us to be able to say that injury resulted from the error, if error, the record should disclose that after the objection to the question was sustained the defendant stated to the court that he expected an affirmative answer from the witness, or that he proposed to show by such witness that Courtney had, as surety, confessed judgment, with the witness as principal.—*Harris v. Basden,* 162 Ala. 369, 50 South. 321; *Sellers v. State,* 7 Ala. App. 84, 61 South. 485, and cases there cited.

(18) We are not of opinion that the court abused its discretion in sustaining the state's objection to the question propounded by defendant to the state's witness Mrs. T. Smith on cross-examination, to wit, "I don't ask you what you think—have you?" since the defendant had been allowed full latitude in the cross-examination of the witness, and she had already fully answered the question.

(11) The objections and exceptions taken to other rulings of the court on the admission and rejection of evidence are, we consider, trivial, and, they having received no notice in a brief, we do not deem it necessary to discuss them.

It does not appear that the court refused any charge requested by defendant.

As we find no error in the record, the judgment of conviction is affirmed.

Affirmed.