(77 South. 72)

BUTLER v. STATE.　(4 Div. 520.)

(Court of Appeals of Alabama. June 30, 1917. Rehearing Denied Nov. 13, 1917.)

1. CRIMINAL LAW ⟂368(2)—EVIDENCE—RES GESTÆ.

Where it is the contention of the state in a homicide case that defendant's son was engaged with him in the difficulty, it was proper to admit what the son said during the difficulty as part of the res gestæ.

2. CRIMINAL LAW ⟂368(2)—EVIDENCE—RES GESTÆ.

Evidence as to whether wife of defendant in a homicide case told deceased not to come back to the house two hours before the killing was not part of the res gestæ.

3. WITNESSES ⟂237(1) — EXAMINATION — QUESTION ASSUMING FACT.

A question, "You know that Lindsey's [deceased] feelings towards old man Butler were bad?" was a conclusion of fact, and an objection thereto was properly sustained.

4. CRIMINAL LAW ⟂452(1) — EVIDENCE—OPINIONS—FEELINGS BETWEEN PERSONS—FOUNDATION.

Before one can testify as to the feelings between other persons, he must be shown to have knowledge thereof, which may be acquired by observation of the demeanor and by the conversation of the parties.

5. CRIMINAL LAW ⟂341—EVIDENCE—FEELINGS BETWEEN PERSONS—FACT.

Feelings existing between persons is a fact that may be established by proof.

6. WITNESSES ⟂236(4) — EXAMINATION — GENERAL QUESTION.

A question, "What was it you or deceased, or someone else in the crowd, said about the defendant?" was too general and indefinite in a homicide case.

7. CRIMINAL LAW ⟂366(2)—EVIDENCE—RES GESTÆ.

What deceased "or someone else" said about defendant when within 100 yards of his house before a killing was not a part of the res gestæ.

8. WITNESSES ⟂245—EXAMINATION—REPETITION OF QUESTION.

A statement, "He did not tell him that or in substance that; he did not tell him substantially that," was a complete denial, and a question, "You do not say now that this is not so?" called for mere repetition, and there was no error in sustaining an objection thereto.

9. CRIMINAL LAW ⟂1169(1) — APPEAL — HARMLESS ERROR—EVIDENCE.

Although a question concerning the direction of a school from a place of a killing was objectionable, its admission was not prejudicial, where it was immaterial in what direction it was.

10. CRIMINAL LAW ⟂1170(4) — APPEAL — HARMLESS ERROR—EVIDENCE.

Exclusion of evidence was harmless, where witness later testified as to the matter in detail.

11. CRIMINAL LAW ⟂338(1) — EVIDENCE—OCCUPATION—MATERIALITY.

A question of a witness as to what his occupation had been in the community called for immaterial and irrelevant matter, and an objection thereto was properly sustained.

12. CRIMINAL LAW ⬦⟹388 — EVIDENCE—EXPERIMENTS—MATERIALITY.

A witness testifying as to the wounds of a deceased was properly not allowed to testify as to results of an experiment with the arms of deceased.

13. WITNESSES ⬦⟹379(1) — IMPEACHMENT—CONTRADICTORY STATEMENTS.

Where proper foundation had been laid, a witness for the state was properly allowed to testify to a statement made by a witness for the defense in conflict with his testimony on the stand.

14. CRIMINAL LAW ⬦⟹829(1)—TRIAL—REPETITION OF INSTRUCTIONS.

A requested charge covered by charges as given was properly refused.

15. CRIMINAL LAW ⬦⟹789(4)—TRIAL—ARGUMENTATIVE INSTRUCTIONS.

A charge "that a reasonable doubt of guilt which authorizes an acquittal is one arising from a consideration of the evidence in the case, having regard for both what it shows and what it does not," was properly refused as argumentative.

16. CRIMINAL LAW ⬦⟹785(16) — TRIAL—INSTRUCTIONS.

A charge that, if the jury "believe that any witness has sworn willfully and corruptly false, then they must disregard the testimony of such witness entirely," was properly refused as pretermitting the materiality of the false testimony.

17. CRIMINAL LAW ⬦⟹757(7)—INSTRUCTIONS—FALSE TESTIMONY.

A charge that, if any witness willfully swears falsely, the jury "must" disregard his testimony entirely, was properly refused, because there is no law requiring that they "must" or "shall" do so.

18. CRIMINAL LAW ⬦⟹789(18) — MISLEADING INSTRUCTIONS—REASONABLE DOUBT.

A requested charge, "If, after considering all the evidence in this case, the jury find there is one single fact proven to their satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and the jury must acquit," was properly refused as misleading.

19. CRIMINAL LAW ⬦⟹798(1)—INSTRUCTIONS—ELLIPTICAL CHARGES—REFUSAL.

A requested charge, "Each and every one of you is entitled to his own conception as to what constitutes a reasonable doubt of this defendant, that before you can convict this defendant the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt, and if after a consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find him guilty," was elliptical and bad, and was properly refused.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Josiah Butler was convicted of manslaughter, and he appeals. Affirmed.

The following charges were refused to defendant:

(1) The court charges the jury that a reasonable doubt of guilt which authorizes an acquittal is one arising from a consideration of the evidence in the case, having regard for both what it shows and what it does not.

(2) The court charges the jury that, if they believe that any witness has sworn willfully and corruptly false, then they must disregard the testimony of such witness entirely.

(3) The court charges the jury that if, after considering all the evidence in this case, they fail to find that defendant had any motive to kill Lindsey, then this is a circumstance to which they may look, together with all the other evidence, in determining whether or not defendant was guilty.

(4) The court charges the jury that, if they believe that any witness in this case has sworn willfully and corruptly false, then they may disregard the testimony of such witness entirely.

(5) If the jury believe that any witness in this case has falsely and corruptly sworn to any material facts, they must disregard the testimony of such witness entirely.

(6) If, after considering all the evidence in this case, the jury find there is one single fact proven to their satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and the jury must acquit.

(7) Each and every one of you is entitled to his own conception as to what constitutes a reasonable doubt of this defendant, that before you can convict this defendant the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt, and if after a consideration of all the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find him guilty.

F. M. Gaines and T. M. Espy, both of Dothan, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] The defendant was indicted for murder in the second degree, was tried, and convicted of manslaughter in the first degree. The rulings of the court upon the evidence and the refusal of several written charges requested by the defendant are complained of as error on this appeal. These questions will be dealt with in the order in which they appear. There was no error in the court's allowing the witness Wingate to testify about what Buck Butler, the defendant's son, said during the difficulty, as it was the contention of the state that the son was also engaged with his father in the difficulty, which resulted in the death of John Wesley Lindsey, and what he said and did upon this occasion was clearly admissible, it being part of the res gestæ. Wray v. State, 2 Ala. App. 139, 57 South. 144; Givens v. State, 8 Ala. App. 122, 62 South. 1020.

[2] The court properly sustained the objection of the state to question propounded to witness Wingate, "Didn't she, the defendant's wife, ask Lindsey not to come back there (defendant's home) any more?" This was no part of the res gestæ; the conversation sought to be inquired about having occurred several hours before the difficulty. It was therefore inadmissible. Allen v. State, 111 Ala. 80, 20 South. 490; Kirklin v. State, 168 Ala. 83, 53 South. 253.

[3-5] There was no error in the ruling of the court in sustaining the state's objection to the question as propounded to witness Wingate, "You knew that Lindsey's feelings towards old man Butler were bad?" This was an assumption of fact that the feelings of Lindsey toward Butler were bad, and for that reason was objectionable. Andrews v. State, 159 Ala. 14, 48 South. 858. It was oth-

erwise bad because the witness had not been properly qualified to testify as to the feelings between the two. A witness must be shown to have had knowledge of the feelings existing between the parties, which knowledge may be acquired by observation of the demeanor and by the conversation of the parties. It is a well-established rule in this state that feeling existing between parties is a fact that may be established by proof, but the question, if such it could be called, here asked was violative of this rule, and the objection thereto was properly sustained. Polk v. State, 62 Ala. 237.

[6, 7] The question on cross-examination to state witness Wingate as follows: "What was it that you or Lindsey, or some one in that crowd, said about Butler when you got within about 100 yards of his house?"—was too general and indefinite and not a part of the res gestæ, and the court did not err in sustaining the state's objection thereto for these reasons. Had it been confined to the deceased, it would have possibly been admissible as having the tendency to show who was the aggressor in the fatal difficulty; but, as it was applied to every member of the party, the objection thereto was properly sustained for the reasons above stated. Lambie v. State, 151 Ala. 86, 44 South. 51; Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177; Fowlkes v. Lewis, 10 Ala. App. 543, 553, 65 South. 724.

[8] There was no error in refusing to allow the following question to the witness Wingate: "You do not say now that this is not so?" Newberry v. Atkinson, 184 Ala. 567, 64 South. 46. The witness Wingate testified, as to the predicate relative to an alleged statement made by him to one Owens, that "he did not tell him that or in substance that; he did not tell him substantially that." This statement was a complete denial upon the part of this witness that he made any such statement to Owens, and the court was not called upon to permit a repetition of this question, and there was no error in sustaining the objection interposed by the state; the witness having previously answered the question. Jones v. State, 181 Ala. 63, 61 South. 434; Fuqua v. State, 2 Ala. App. 47, 56 South. 751; Mitchell v. State, 14 Ala. App. 46, 70 South. 991.

[9] While the question propounded to witness Kirksey was objectionable for the reason that the direction of the schoolhouse from Butler's place appears to be immaterial, the action of the court in this connection was clearly not prejudicial to the defendant, and was therefore not error. Moore v. State, 4 Ala. App. 65, 59 South. 189.

[10] The error, if any, in refusing to allow the witness Jeffcoat to state what he heard just before the difficulty and the condition of the deceased and his companion at the time was rendered harmless by reason of the fact that this witness subsequently told in detail the condition of these parties and what he saw. Ware v. State, 12 Ala. App. 101, 67 South. 763.

[11] The question propounded to witness Hall relative to his occupation while in the community that fall called for immaterial and irrelevant testimony, and could not shed light upon any issue in this case, and the court properly sustained the objection thereto. Deal v. State, 136 Ala. 52, 34 South. 23.

[12] The court committed no error in its ruling by refusing to allow witness Harlowe to tell the result of his experiments with the arms of the deceased, relative to the wounds on his body. Evans v. State, 109 Ala. 11, 19 South. 535; Miller v. State, 107 Ala. 40, 19 South. 37; Tesney v. State, 77 Ala. 33.

[13] The court properly overruled the objection to question propounded by the state to witness Robinson relative to a statement made by defendant's witness Willie Pool to him; the statement alleged to have been so made being in conflict with the testimony of the said Pool upon the trial of this cause. The state had laid the proper predicate to Pool when on the witness stand, and it was certainly competent to show by witness Robinson that Pool had made the contradictory statements incorporated in the predicate. Turner v. State, 4 Ala. App. 100, 58 South. 116; Robbins v. State, 13 Ala. App. 167, 69 South. 297.

[14, 15] Refused charge 1 was substantially and fairly covered by given charges 1, 2, and 3, and also by the oral charge of the court. This charge was also argumentative.

[16] Refused charge 2 pretermits the materiality of the false testimony, and was therefore properly refused. Patton v. State, 156 Ala. 23, 46 South. 862.

[17] It is bad for the further reason that it says that the jury must, etc., instead of the proper term the jury may disregard such testimony. Mills v. State, 1 Ala. App. 76, 55 South. 331; Edmundson v. State, 4 Ala. App. 196, 59 South. 229; Saulsberry v. State, 178 Ala. 16, 59 South. 476.

The refusal of charge 3 was without error, as expressly decided in Clifton v. State, 73 Ala. 475.

What has been said of refused charge 2 applies also to refused charge 4. The charge is bad in that it pretermits the materiality of the false evidence. Authorities supra.

Refused charge 5, requested in writing by the defendant, was patently bad. While the jury "may" disregard the testimony of a witness, if they believe that the witness has falsely and corruptly sworn to any material fact, but there is no law requiring that they "shall" or "must" do so. This charge has been expressly condemned in the case of Lowe v. State, 88 Ala. 8, 7 South. 97. Also see authorities supra.

[18] Refused charge 6 was misleading, and was properly refused. Ex parte Davis et al., 184 Ala. 26, 63 South. 1010.

[19] Refused charge 7 was elliptical, and is otherwise bad, and was properly refused.

There appearing no error in the record, the judgment of the lower court is affirmed.

Affirmed.