382 So.2d 598 (1980)
Ex parte Walter FIELDS, Jr.
(Re: Walter Fields, Jr. v. State of Alabama).
78-697.
Supreme Court of Alabama.
January 18, 1980.
Rehearing Denied March 7, 1980.
Walter L. Blocker, III, of Smith, White & Hynds, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., Thomas R. Allison, Asst. Atty. Gen., for respondent.
FAULKNER, Justice.
This is a petition for a writ of certiorari to the Court of Criminal Appeals in the first degree murder conviction of Walter Fields, Jr. We reverse.
Walter Fields was indicted May 13, 1977, for the murder of Ervin Smith. His trial for first degree murder began January 17, 1978, and he entered pleas of not guilty and not guilty by reason of insanity. At trial, defense counsel called Sgt. Albert Wallace of the Birmingham Police Dept. to testify about a statement made by Fields one hour after he was arrested and eight hours after the incident. The sergeant was present when the statement was made and had an original or a copy of the statement as transcribed with him at trial. He was heard initially out of the presence of the jury on voir dire. The defense attorney asked Sgt. Wallace to read the statement during the voir dire. The State objected on the ground a proper predicate had not been *599 shown. Defense counsel argued that the statement was a part of the res gestae and insanity was at issue. The trial judge disallowed the statement. Defense counsel then attempted to make an offer of proof concerning the statement, requesting that the statement be read into the record out of the hearing of the jury. The State objected. The trial judge sustained the objection, disallowing the offer of proof. The jury subsequently found Fields guilty of first degree murder and punishment was fixed at life imprisonment. Fields appealed. The Court of Criminal Appeals affirmed without opinion. In this case we review because of the constitutional issue.
Fields asserts in his petition for certiorari that affirmance of the trial court's conviction was error because the trial judge refused to allow defense counsel to make an offer of proof out of the hearing of the jury concerning a conversation Sgt. Wallace had with Fields shortly after the crime was committed, where Fields had pleaded not guilty by reason of insanity and refused to allow into evidence the statement made by Fields to Sgt. Wallace where Fields had interposed an insanity plea.
As a general proposition, the party asking a question to which an objection has been sustained must be given the opportunity to make an offer of proof stating the answer expected to be given. C. Gamble, McElroy's Alabama Evidence § 425.01(2) (3rd ed. 1977).
In White v. State, 48 Ala.App. 111, 262 So.2d 313 (1972) the Court of Criminal Appeals reaffirmed as the rule governing cases such as this, the following language in Sellers v. State, 7 Ala.App. 78, 61 So. 485 (1919) (citations omitted):
"It is further settled that on appeal, when error is predicated upon an exception to the action of the trial court in sustaining an objection by the other party to questions propounded to a witness, the trial court will not be put in error, unless it appears that it was made known to [the] court what testimony it was expected to elicit by the question, and unless it further appears that it was material to the issues in the case. . . . Here we do not know what answer the witness would have given to the question, and cannot say, therefore, whether it would be material to the issue; but our lack of information is not due to any failure or neglect on the part of defendant's counsel to attempt, by established methods, to properly inform us and the court below, but to the action of the trial court in refusing to permit him to do so. In this the court was in error. The Constitution guarantees to the accused the right to be heard by himself and counsel, or either. If the court feared that a statement from defendant's counsel as to what he expected to prove by the witness might improperly prejudice the jury, the court should have had the jury to retire, pending the hearing; but certainly the court should not have foreclosed the defendant's counsel of his right to be heard, and thereby rendered it impossible for a reviewing court to pass on the relevancy and competency of the testimony he offers to produce." (Emphasis added.)
Because Fields was denied the opportunity to make an offer of proof concerning his statement to Sgt. Wallace, reversible error was committed below, and thus the refusal to allow the statement into evidence need not be considered.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
MADDOX, J., dissents.
SHORES, J., not sitting.
MADDOX, Justice (dissenting).
This review stems from the action of the trial judge in refusing to allow the defendant to offer to prove the contents of a pretrial statement made by the defendant to Sgt. Albert Wallace, an investigating police officer. While questioning Sgt. Wallace during voir dire examination, the defendant could have asked the witness whether he heard the defendant make any *600 statements which tended to prove his defense of not guilty by reason of insanity; however, he chose not to engage in such direct questioning. Instead, he requested the witness to read an original or copy of the statement as it had been transcribed by a stenographer. Since the defendant failed to provide any foundation or predicate authenticating the writing, objections to its admissibility were properly sustained. Thereafter, the defendant sought to make an offer of proof of the writing by having its contents read into the record. Under the facts as presented, the writing was blatantly hearsay and inadmissible at that stage of the examination of Sgt. Wallace; therefore, the defendant's requests were properly denied. An offer of proof simply would not have served any useful purpose, because Sgt. Wallace, while then on the stand, could have been questioned as to his personal knowledge of the defendant's behavior, including any statements the defendant might have made which were relevant as bearing upon the issue of insanity.
The majority abides in the belief that, regardless of any questions concerning the admissibility of the evidence, the defendant was nevertheless laden with a constitutional right to make an offer of proof. In reaching this conclusion the Court quotes at length from Sellers v. State, 7 Ala.App. 78, 61 So. 485 (1913). In that case, the Court pronounced the general grounds upon which a party will be entitled to make an offer of proof. The authority of that case is not here contested; however, in looking at that opinion I cannot ignore the fact that the ability to make an offer of proof is not an arbitrary procedural rule. It is a rule aimed at achieving certain identifiable goals, goals which are directly related to the enhancement of judicial review. Through the use of the procedure, evidence excluded by the trial judge can be included in the record, thus enabling an appellate court to conduct a more intelligent and informed review of the evidentiary ruling. E. Cleary, McCormick's Handbook of the Law of Evidence, 379 (1978). I recognize this purpose as a salutary one, and one worthy of respect by this Court. It is then necessary to ask whether that goal is the end to be achieved in this case. Does this Court need to know the contents of the transcribed statement in order to ascertain the correctness of the ruling? Will knowing its contents better enable this Court to determine whether the trial judge acted properly in excluding a writing for which no foundation was laid? The answers to these questions are clear, and I find no grounds for which an offer of proof would have served any beneficial purpose.
I respectfully dissent.