This review stems from the action of the trial judge in refusing to allow the defendant to offer to prove the contents of a pretrial statement made by the defendant to Sgt. Albert Wallace, an investigating police officer. While questioning Sgt. Wallace during voir dire examination, the defendant could have asked the witness whether he heard the defendant make any *Page 600 
statements which tended to prove his defense of not guilty by reason of insanity; however, he chose not to engage in such direct questioning. Instead, he requested the witness to read an original or copy of the statement as it had been transcribed by a stenographer. Since the defendant failed to provide any foundation or predicate authenticating the writing, objections to its admissibility were properly sustained. Thereafter, the defendant sought to make an offer of proof of the writing by having its contents read into the record. Under the facts as presented, the writing was blatantly hearsay and inadmissible at that stage of the examination of Sgt. Wallace; therefore, the defendant's requests were properly denied. An offer of proof simply would not have served any useful purpose, because Sgt. Wallace, while then on the stand, could have been questioned as to his personal knowledge of the defendant's behavior, including any statements the defendant might have made which were relevant as bearing upon the issue of insanity.
The majority abides in the belief that, regardless of any questions concerning the admissibility of the evidence, the defendant was nevertheless laden with a constitutional right to make an offer of proof. In reaching this conclusion the Court quotes at length from Sellers v. State, 7 Ala. App. 78,61 So. 485 (1913). In that case, the Court pronounced the general grounds upon which a party will be entitled to make an offer of proof. The authority of that case is not here contested; however, in looking at that opinion I cannot ignore the fact that the ability to make an offer of proof is not an arbitrary procedural rule. It is a rule aimed at achieving certain identifiable goals, goals which are directly related to the enhancement of judicial review. Through the use of the procedure, evidence excluded by the trial judge can be included in the record, thus enabling an appellate court to conduct a more intelligent and informed review of the evidentiary ruling. E. Cleary, McCormick's Handbook of the Law of Evidence, 379 (1978). I recognize this purpose as a salutary one, and one worthy of respect by this Court. It is then necessary to ask whether that goal is the end to be achieved in this case. Does this Court need to know the contents of the transcribed statement in order to ascertain the correctness of the ruling? Will knowing its contents better enable this Court to determine whether the trial judge acted properly in excluding a writing for which no foundation was laid? The answers to these questions are clear, and I find no grounds for which an offer of proof would have served any beneficial purpose.
I respectfully dissent.