## No. 13.055.

### STATE OF LOUISIANA VS. NORRIS CARTER ET ALS.

#### SYLLABUS.

1. A continuance on the ground of absent witnesses was properly refused, as the defendants had not complied with Act 69 of 1894, (there were six of their witnesses present).
2. The refusal to permit defendants to cross-examine a witness sworn on be—

half of the State, was not error; the witness was called to the witness stand in error, and had not been examined at all as a witness in chief.

3.  A witness may be examined in rebuttal of an *alibi,* and the State was not bound to offer the testimony offered in rebuttal on the examination in chief.

4.  The refusal to permit the testimony objected to, to be reduced to writing is. not reversible error, where it is manifest that the testimony would not add anything to the question raised.

5.  A witness, unless proper foundation is laid for admitting testimony, can not confirm his testimony by swearing to statements previously made to third. persons out of the presence of the accused, and on this ground only, the trial court's ruling is not sustained.

6.  Error in describing the property charged to have been stolen, is not timely,. when urged after the verdict.

O N APPEAL from the Twenty-First Judicial District Court for the Parish of St. John the Baptist. *Rost, J.*

*M. J. Cunningham,* Attorney General, and *Robert J. Perkins,* District Attorney, (J. L. Gaudet of counsel) for Plaintiff and Appellee.

*H. N. Gautier* for Defendants and Appellants.

Submitted on briefs February 11, 1899.
Opinion handed down February 20, 1899.

The opinion of the court was delivered by

BREAUX, J.   An information was filed against Norris Carter, Moses. Ruffin, Buddy Carter, Mel Preston, Arthur Reed, Walter Tanner and Walter Banks, charging them with having committed petty larceny.

On motion of the District Attorney, a *nolle prosequi* was entered as to Walter Banks.   He was afterward called and examined as witness. in the case.

A severance, on motion of their counsel, was granted to Norris and Buddy Carter.   They, Norris Carter and Buddy Carter, were then put on their trial, found guilty of larceny, and sentenced to twelve months' hard labor in the penitentiary.

The judge refused to order a continuance, applied for by the accused on the ground of the absence of witnesses.

To this refusal, the accused took a bill of exceptions; and the ground of the bill presents the first question for our decision.

The defendants, through their counsel, in their bill of exceptions,

set forth that their witnesses had been served with *subpoena,* and should have been present.

The district judge's reasons are, that the defendants did not comply with Act 67 of 1894, and that in their application for a continuance, they failed to allege that there were no witnesses present, who could testify to the same facts as would the absent witnesses; that it follows, if they had been present and had testified, their testimony would have been cumulative. The continuance was refused.

As relates to the Act of 1894, defendants, through counsel, insist that the word "each side" means, as many sides as there are accused.

The statute limiting the number of witnesses in criminal cases sets forth, that in all criminal cases on final trial, each side shall summon no more than six witnesses, unless on formal application, it is made to appear that an additional number is required to meet the ends of justice.

The intention of this statute certainly was, to lessen the number of witnesses in each case. The decrease of the number of witnesses would not amount to much, if each accused had a right to as many as six witnesses.

The defense consists of two accused, jointly charged with larceny, and representing "a side" of the case.

The question cannot, in our judgment, be treated as though there had been a severance. If we were to grant the contention of the defendants, it would be, as relates to this question, as if each had been separately tried. In that case, in the language of the statute, the State would have the right to as many witnesses as each defendant, in order to meet "each side," or each case. That, we take it, was not the intention in enacting the law.

Moreover, the defendants have no cause to complain on this ground, for the reason, that they did not set forth in their affidavit for a continuance, that the testimony sought by them was cumulative.

It is well settled that a continuance on the ground of the absence of witnesses, is properly refused, when it does not appear that the testimony is not cumulative. The accused failed to swear that there were no witnesses in court who would swear to the same facts.

The action of the trial court in denying the *motion for a continuance* will not be reversed without showing, that the court has abused its discretion. We have not discovered in this case, that the court abused the discretion with which it is intrusted.

In the second bill of exceptions, the accused complained of the court's ruling, in refusing to permit them to cross-examine a State witness, duly sworn.

It appears that the witness called by the State immediately after she had been sworn, declared that she knew nothing of the case; she was, thereupon, withdrawn by the State. She, it seems, had been called in error. The defendant then requested to cross-examine the witness. The court refused to permit him to cross-examine the witness, but reserved to the defendant the right to call the witness for the defense. The witness not having been examined at all in chief, there was no ground for the cross-examination. It is difficult to discover wherein the defendants have been prejudiced, inasmuch as they were at liberty to call her as their witness; besides, the witness had not testified against the accused at all.

"The opposite party may cross-examine a witness to any facts stated in his direct examination; without this, there is no ground for cross-examination."

"Whenever any witness has been examined in chief, the opposite party has a right to cross-examine." Rice on Evidence, page 335, vol. 3.

"Cross-examination relating to cumulative matters and immaterial issues, is largely within the discretion of the court, and its ruling is not subject to review." State vs. McGee, 36th An. 206; State vs. Allen, 37 An. 637.

The narrative contained in the third bill of exceptions shows that defendant examined witnesses to prove an *alibi*.

The plaintiff called a witness in rebuttal, to disprove the *alibi*. Counsel for the defendant objected to the testimony. The court overruled the objection, and admitted the answer, as it is made to appear that the testimony was in rebuttal, *i. e.*, "to the effect that the accused were present at the commission of the offense." Quotation from the bill of exception.

We are not of the opinion that the ruling was incorrect.

The fourth bill of exceptions was taken to a ruling of the court, allowing a witness to testify that he had reported the killing and stealing of the animal to the one in whose charge it was at the time.

The judge, in his relation of the facts, incorporated in the bill of exceptions, shows that the witness was asked to state all he knew about the case, and that in answer to the question, the witness said that he

went next morning after the theft is charged to have been committed, to notify the owner's agent that the calf had been killed by accused; that the testimony was objected to as made out of the presence of the accused.

We have given our closest attention to the ruling, and have found it impossible to agree with our learned brother of the District Court.

It is well settled that a witness cannot corroborate his statement as a witness by his own declaration as a witness, that he, on a former occasion had made the statement to another, and a third person, out of the presence of the accused. It is not shown that the testimony of this witness was attacked. As we take it, no foundation was laid for admitting this testimony.

Going into particulars, it is in evidence that Walter Banks, the witness, was indicted jointly with Norris Carter and his son; that on proper motion on part of the State, a *nolle prosequi* was entered on behalf of Banks, and that afterwards, he (Banks) was called as a witness by the State, and testified against the accused, who were convicted.

We quote, as relates to the facts, the following statement from the brief filed by the Attorney General and other counsel, to-wit: "Mrs. Dodson had charge for Mr. Chaffe of the cow and the bull calf, which latter was the subject of this larceny. Walter Banks is the nephew of Norris Carter, one of the accused. He had been working for Mrs. Dodson. He had been charged as a principal in this larceny, but the case as to him was *nolle prosequi*. When examined as a witness, he was asked to relate what he knew of the case. He stated among other things, that the next morning he went to notify Mrs. Dodson that the calf had been killed by his uncle, and his cousin."

On redirect examination he was asked to repeat what he told Mrs. Dodson.

In justice to the prosecution we will add the following, which we have not succeeded in finding in the transcript. It is doubtless true as a fact, but it is also true that we have not found it of record although we searched for it, viz.:

"This was an eye-witness to the killing and the stealing of the calf. Mrs. Dodson had been the cause of the affidavit being made against the accused."

If Banks was one of the principals, as we take it he was, he could confirm his own testimony by proof of former statements made by

him, according with those made at the trial, if his credibility had been attacked either on cross-examination, or by independent evidence. Even in this case, the question is much controverted. Roscoe, page 97.

Here, there is not a word going to show that his credibility was attacked, either on cross-examination or by witnesses called for the purpose; but should it be taken that his testimony is that of a witness, and not that of an ex-principal, then the following applies:

"When evidence has been offered tending to show improper motive or recent fabrication on the part of a witness, former statements made by him may be offered to sustain his statements at the trial."

There is not a word of record showing that the least attack was made to assail the testimony of the witness.

The rule quoted from Roscoe and then Beck is always regarded as controlling.

In Beck, we find a long list of decisions, both State and Federal, among them, 11th Howard, p. 480.

The charge, in our judgment was correct, and the verdict responsive to the charge.

The ground of defense, that there was a lack of description of the animal stolen, came too late after verdict, and it, also, was properly overruled.

In our opinion, all the rulings were correct, except the ruling permitting the witness to testify over objection made as to his prior statement to a third person. This view renders it necessary to remand the case for another trial.

It is, therefore, ordered, adjudged and decreed that the verdict, sentence and judgment appealed from be annulled and set aside as not good in law, and that the defendants be remanded in custody subject to the orders of the trial court.