# Fuqua *v.* The State.

## *Murder.*

(Decided June 30, 1911. Rehearing Denied Nov. 23, 1911. 56 So. 751.)

1. *Evidence; Former Trial; Preliminary Evidence.*—Where it was admitted that a witness who testified on the former trial was out of the state, it was not error to admit secondary evidence of the testimony of the witness given on the former trial.

2. *Same.*—Where the defendant objected to the proof of the witness's testimony given on a former trial by reading the stenographic notes of her testimony which had never been transcribed, evidence of a person who heard the witness testify on the former trial as to the substance of her testimony then given was not objectionable as not being the best evidence.

3. *Same.*—One who heard a witness testify on a former trial is competent to testify as to his recollection of the testimony so given.

4. *Appeal and Error; Right to Allege Error.*—Where the defendant objected to the reading of the untranscribed stenographer's notes of the testimony of the witness, given on a former trial, he cannot be heard thereafter to assert that the substance of such testimony given by a witness who heard the witness testify, was inadmissible because the stenographer's notes was the best evidence.

5. *Same; Prejudice.*—Where, aside from the defendant's testimony, the most favorable testimony in the record to the defendant was that given by F. on a former trial, the defendant was not prejudiced by the court's permitting the witness, who heard the witness testify on the former trial, to give the substance of such testimony, upon the state's being unable to produce such witness.

6. *Witness; Examination.*—Where a question has been asked and answered it is not error to decline to permit a repetition of the question.

7. *Homicide; Evidence; Hostility.*—In a prosecution for homicide it is competent for the state to show that the defendant entertained hostile feelings towards deceased, and for this purpose the fact of a recent former difficulty between them and recent

[Fuqua v. The State.]

threats made by the defendant against the deceased may be shown, but not the details of such difficulty.

8. *Same; Prior Difficulty.*—Whether defendant meant deceased by his statement that he intended to kill a man, being under the evidence in this case, a question for the jury, it was erroneous to permit a witness to state whether after a prior difficulty he had heard defendant say anything about what he was going to do in regard to killing a man.

9. *Same; Sufficiency of Evidence.*—The evidence in this case stated and held sufficient to sustain a conviction for murder in the second degree.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Hateras Fuqua appeals from a conviction of murder in the second degree. Affirmed.

S. W. FRIERSON and PAUL HODGES, for appellant. No brief came to the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court cannot be put in error for sustaining objection to a question which had already been asked and answered.— *Evans v. The State,* 109 Ala. 11; *W. U. T. Co. v. Merrill,* 144 Ala. 618. The witness was shown to be out of the state, and hence, the substance of her testimony could be detailed by one who heard it.—*Burton v. The State,* 115 Ala. 1. Having objected to the stenographer's notes the defendant cannot now be heard to complain that they were the best evidence and that, therefore, secondary evidence was not admissible. This was a matter to be shown by bill of exceptions only.—*Bolling v. The State,* 78 Ala. 469; *Biggs v. The State,* 77 Ala. 68. Motion for new trial in a criminal case cannot be reviewed. —*Sanders v. The State,* 131 Ala. 1, and cases cited.

DE GRAFFENRIED, J.—The defendant was indicted for murder in the first degree, and was convicted of

murder in the second degree and sentenced to the penitentiary.

It appears from the bill of exceptions that one Rhoda Shoulders, at a previous trial of the case, had testified as a witness for the state. This witness was not present during the trial at which the defendant was convicted, and during the progress of the trial the solicitor asked one Owens, while on the stand, if he knew where said Rhoda was. The witness replied "that he did not know where Rhoda Shoulders was; that he heard she was out of the state; that he did not know for certain; that he could not find her." The solicitor then remarked that "it does not make any difference; the defendant admits that she is out of the state"; to which one of the defendant's attorneys replied: "We admit that she is out of the state." All this occurred in open court during the progress of the trial, in the presence of the court and jury, and while a witness in the case was being examined by the solicitor in behalf of the state. The court therefore committed no error in admitting secondary evidence of the testimony of the witness Rhoda given on the former trial.

The solicitor thereupon placed uon the stand, as a witness to prove the said testimony of said Rhoda, the official court stenographer, who testified that he was present at the trial at which said Rhoda testified; that he took down her testimony in shorthand, and had his stenographic notes, from which he could read her testimony, but that he had never transcribed her testimony from the stenographic notes, and had no transcript of her testimony. Thereupon the defendant objected to the reading by said witness of the testimony of said Rhoda from said notes as evidence in the case. The court overruled the objection, and stated that if the court came to the conclusion that such witness was

[Fuqua v. The State.]

incompetent it would exclude his evidence from the jury. The witness then proceeded in narrative form to read, from his stenographic notes, the evidence of said Rhoda. Before the witness had concluded said reading, the court interrupted the witness, and had said witness to stand aside, and excluded from the jury all of the evidence of said witness. Thereupon the solicitor introduced as a witness one Owens, who testified that he was present at the trial in which said Rhoda testified, and heard her testify. The solicitor then asked the witness to state his recollection of Rhoda's testimony. The defendant objected to this question, on the ground that there had not been a proper predicate laid for the introduction of the testimony of said Rhoda, and on the further ground that the stenographic notes of her testimony is the highest and best evidence of her testimony. The court overruled the objection and the defendant excepted.

The court committed no error, of which the defendant had the right to complain, in excluding from the jury the evidence of the stenographic reporter. That evidence was admitted against the defendants objection, and, as it was evidence to the admission of which the defendant objected, he cannot be heard afterwards to complain of its exclusion from the jury. It is also manifest that the court committed no error in admitting evidence of the testimony of the witness Rhoda on the former trial by a witness who heard her testify. By an admission made by counsel representing the defendant, made in open court during the trial, the witness was shown to be absent from the state. The court, on objection of the defendant, had excludded the evidence of the stenographer, by whom the state proposed to have her testimony read from his stenographic notes. The witness Owens was certainly competent to testify to his

recollection of her testimony on the previous trial.—
*Burton v. State,* 115 Ala. 1, 22 South. 585.

Neither did the court commit error in sustaining the
objection of the state to the question propounded by the
defendant to the witness Nance. The defendant had re-
peatedly asked this witness this same question, and the
witness had repeatedly answered the question. As the
question was merely a repetition of a question which
had previously been asked and answered, the court prop-
erly sustained the solicitor's objection to the question
when last asked.—*Evans v. State,* 109 Ala. 11, 19 South.
535; *Western Union Tel. Co. v. Merrill,* 144 Ala. 618,
39 South. 121, 113 Am. St. Rep. 66.

In prosecutions for murder, it is always permissible
for the state to prove that the defendant entertained
feelings of hostility toward the deceased, and for this
purpose the fact, but not details, of recent former dif-
ficulties between defendant and deceased, and recent
threats made by defendant against deceased, may be
shown. In the present case the state proved a former
difficulty between defendant and deceased, and asked
the witness by whom the difficulty was shown, referring
to the time of such difficulty, or immediately thereafter,
the following question: "After the difficulty, did you
hear Hateras say anything about what he was going to
do in regard to killing a man?" The defendant object-
ed to the question and answer, upon the ground that
the question was not limited to killing Leonard Fuqua.
The court overruled the objection, and the defendant
excepted, and the witness replied "that the defendant
just said there was a man out that he had to kill if he
did not quit bothering him; that that was after the
'fuss' with the dead man, and there was no one present
but himself, the defendant, and the deceased." As we
understand the defendant, he objected to the question

because the question should have been asked specifically about killing the deceased, by name, and not in regard to killing a man generally, and that the answer was not relevant because the defendant did not say that he intended to kill deceased (though he may have meant deceased), but said that he intended to kill a man. We do not agree with the defendant in this contention. It was for the jury to say, taking into consideration the time when and the place where the defendant made the alleged statement, whether or not the deceased was meant when the defendant said he intended to "kill a man." The defendant did not object to the question, because the court did not instruct the jury that they should not consider it as testimony, unless the word "man," as used in the alleged threat, meant "the deceased," but because the question, although referable to the time of a difficulty between deceased and defendant, and referable to the deceased, did not, by its own express terms, limit the inquiry to deceased by naming him in the question. It is therefore evident that the court committed no error in permitting the witness to answer the question.

The evidence in this case tends to show that the defendant and deceased were first cousins, and that they slept together in the same bed. It further tends to show that they were daily companions, and that they were constantly engaged with each other in the same labor. On the day of the homicide, and immediately preceding it, they came together out of the field to Rhoda Shoulders, evidently an elderly woman, with whom they evidently lived. One asked her for a chew of tobacco, and the other for some snuff. Shortly afterwards she heard a pistol fire in the room in which said parties slept, and she then saw defendant sitting in a window, and the deceased near him, falling to the floor, and she ran

[Fuqua v. The State.]

and knew nothing more. The defendant claims that
the killing was accidental; the state claims that it was
intentionally done. There was evidence tending to up-
hold both theories. The jury has determined the issues
of fact in favor of the state. The court committed no
error of law on the defendant's trial, and we have no
authority to review or disturb the findings of a jury
on controverted issues of fact.

The judgment of the court below is affirmed.
Affirmed.


## On Application for Rehearing.

In view of the fact that there seems to be a misappre-
hension among counsel as to the manner in which the
motion to establish the bill of exceptions came before
this court, we deem it proper to state the following:
The contention of appellant is that he should be allow-
ed to show that the bill of exceptions, without his con-
sent, was changed by the presiding judge after he had
delivered it to him for his signature, so as to make the
bill of exceptions show that there was evidence, intro-
duced on the trial of the case, tending to show that one
Rhoda Shoulders was absent from the state at the time
of the trial, when in fact there was no evidence offered
at the trial tending to show her absence from the state
at that time. Rhoda Shoulders had been examined on
a previous trial of the case, and, on the trial which re-
sulted in the conviction of the defendant the court per-
mitted secondary evidence to go before the jury as to
her testimony on the previous trial, and appellant in-
sists that this was error, because of the absence of proof
that she was absent from the state, and that the bill of
exceptions was altered by the presiding judge before he
signed it to meet this fatal objection.

[Fuqua v. The State.]

In our opinion, the most favorable testimony in the record for the defendant, except his own, was that of Rhoda Shoulders. Her testimony tended to show that there was no quarrel between the parties at the time of the homicide, that they were first cousins, roomed together, worked the same field together, and slept together in the same bed. In other words, her testimony tended strongly to establish the theory that the defendant accidentally killed the deceased, and that he was not guilty of murder. It was out of respect to her testimony that the court concluded its opinion in this case as follows:

"The evidence in this case tends to show that the defendant and deceased were first cousins, and that they slept together in the same bed. It further tends to show that they were daily companions, and that they were constantly engaged with each other in the same labor. On the day of the homicide, and immediately preceding it, they came together out of the field to Rhoda Shoulders, evidently an elderly woman, with whom they evidently lived. One asked for a chew of tobacco, and the other for some snuff. Shortly afterwards she heard a pistol fire in the room in which said parties slept, and she then saw defendant sitting in a window, and the deceased near him, falling to the floor, and she ran and knew nothing more. The defendant claims that the killing was accidental; the state claims that it was intentionally done. There was evidence tending to uphold both theories. The jury determined the issues of fact in favor of the state. The court committed no error of law on the defendant's trial, and we have no authority to review or disturb the finding of a jury on controverted issues of fact."

We feel that, under all the circumstances, we would be performing a useless ceremony to recall the certifi-

cate in this case, allow the establishment of the bill of exceptions, freed from the alleged changes, and then affirm the case upon the proposition that the testimony of Rhoda Shoulders, intelligently considered, tended to show an accidental, and not an intentional, killing, and that, under all the circumstances, the introduction of her testimony was not injurious to the defendant on his trial, and therefore that the case could not be reversed on that account.

The application for a rehearing is overruled.

Application overruled.