(79 South. 201)
MOORE v. STATE. (8 Div. 576.)
(Court of Appeals of Alabama. April 2, 1918. Rehearing Denied June 29, 1918.)

1. JURY ⟐110(1)—ACCEPTANCE OF JUROR BY STATE—COMPLAINT BY DEFENDANT.

Defendant, charged with murder and convicted of manslaughter, could not complain because solicitor acting for state accepted one and challenged other of jurors who answered they would not convict on circumstantial evidence, as the state, with consent of court, could waive point as to one or both.

2. HOMICIDE ⟐203(3)—DYING DECLARATION.

After proof deceased was conscious, talked rationally, and stated he was going to die, several hours after he had been mortally wounded by a knife, and that deceased did die about two hours after the statement, his declaration defendant killed him was admissible as dying declaration.

3. HOMICIDE ⟐190(3).—SELF-DEFENSE—EVIDENCE OF THREATS.

In a prosecution for murder, there being no evidence tending to show an assault by deceased on defendant, defendant's evidence as to threats made by deceased against defendant was properly refused.

4. HOMICIDE ⟐191 — SELF-DEFENSE—EVIDENCE.

In a prosecution for murder, it was not permissible for defendant to prove the details of a former difficulty with deceased.

5. CRIMINAL LAW ⟐448(4) — EVIDENCE — OPINION.

In a prosecution for murder, defendant having testified he did not know whether or not deceased had anything in his hand when he struck defendant, court properly refused to let defendant testify as to his opinion concerning it.

6. CRIMINAL LAW ⟐390—EVIDENCE—INTENTION.

In a prosecution for murder, the court properly excluded defendant's testimony as to whether or not he went with deceased with the intention in his own mind to have a fight.

7. CRIMINAL LAW ⟐463—EVIDENCE—OPINION.

In a prosecution for murder, defendant's witness not having qualified as an expert as to his knowledge of wounds, objection to a question to him if in his opinion a scar over defendant's eye could have been made with a man's fist was properly sustained.

8. CRIMINAL LAW ⟐455—EVIDENCE—OPINION.

In a prosecution for murder, a witness for defendant, not an expert as to wounds, was properly permitted to describe a scar over defendant's eye.

9. CRIMINAL LAW ⟐1036(3) — APPEAL — SHOWING OF REVERSIBLE ERROR—EVIDENCE.

Questions, propounded to defendant's witnesses, to which objections were sustained, cannot be made the basis of reversible error; it not being shown what the answers would have been.

10. CRIMINAL LAW ⟐829(1) — APPEAL — REVERSAL.

In prosecution for murder, where court clearly defined every phase of law of self-defense, covering fully correct propositions embraced in

written charges refused defendant, also giving on request 15 written charges on reasonable doubt and self-defense, conviction will not be reversed for refusal of requests in view of rule of the Supreme Court, No. 45 (175 Ala. xxi, 61 South. ix).

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Madison Moore was charged with murder in the first degree, was convicted of manslaughter in the first degree, and appeals. Affirmed.

Sample & Kilpatrick, of Cullman, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] Two of the jurors, when called by the court to be qualified as jurors, in answer to the question, "Would you convict on circumstantial evidence?" answered in the negative. The solicitor, acting for the state, accepted one and challenged the other. The defendant could not complain of this. It was a question solely for the state, and the state, with the consent of the court, could waive it either as to one or both. Spicer's Case, 188 Ala. 9, 65 South. 972.

[2-4] After the state had shown by the witness that the deceased was conscious and talked rationally, and stated that he was going to die, several hours after he had been mortally wounded by a knife in the hands of defendant, from which wound he had been bleeding for hours, until he was weak from loss of blood, and that he did die in about two hours after making the statement, the declaration of deceased that defendant killed him was admissible as a dying declaration. At the time the defendant offered to prove by Claude Moore threats made by the deceased against defendant, there was no evidence tending to show an assault by the deceased on the defendant, such as would justify the admission of evidence of threats. Turner v. State, 160 Ala. 40, 49 South. 828. It was not permissible for the defendant to prove the details of a former difficulty. Fuqua v. State, 2 Ala. App. 51, 56 South. 751. Hence the objection to the question, "Where and what was the nature of that difficulty the night before?" was properly sustained.

[5, 6] The defendant having testified that he did not know whether or not deceased had anything in his hand at the time he struck defendant, the court did not err in refusing to let the defendant testify about what his opinion was concerning it. The court did not err in sustaining an objection to the question propounded to defendant, "State to the jury whether or not you went from there with Clayton for the purpose or with the intention to have a fight." The defendant cannot be permitted to testify as to his intention.

[7, 8] A witness for defendant, without having been qualified as an expert, as to his knowledge of wounds, was asked if in his opinion a scar over defendant's eye could have been made with a man's fist. The court properly sustained an objection to this question. The witness was permitted to describe the scar, and this was proper to go to the jury for what it was worth.

[9] The several questions propounded to defendant's witnesses to which objections were sustained cannot be made the basis of reversible error, because it is not shown what would have been the answer of the witnesses had they been permitted to answer, and we cannot say that the rulings of the court in these instances, if error, have probably been injurious to the defendant. Ala. Steel & Wire Co. v. Thompson, 166 Ala. 460–469, 52 South. 75; Randall v. State, 14 Ala. App. 124, 72 South. 214.

The above will also apply to the questions propounded to the state's witness Marvin Ross by the defendant on cross-examination.

[10] The court in its general charge defined clearly and explicitly every phase of the law of self-defense as applied to this case, and in doing so covered fully and fairly the correct propositions of law embraced in the several written charges refused to the defendant, and in addition gave at the request of the defendant 15 written charges bearing on the law of reasonable doubt and self-defense. This being the case, the cause will not be reversed. Supreme Court rule 45 (175 Ala. xxi, 61 South. ix).

Affirmed.