(85 South. 304)

## BALDWIN v. STATE. (4 Div. 841.)

(Supreme Court of Alabama. Feb. 12, 1920.)

1. **Robbery** ⬅➡17(3) — **Indictment held sufficiently to describe stolen money.**

In view of Code 1907, § 7134, declaring that the indictment shall specify the facts constituting the offense in ordinary and concise language without prolixity or repetition, an indictment charging that defendant feloniously took one $20 bill of the value of $20 and four $5 bills of the value of $20, the property of one D., etc., sufficiently described the money taken.

2. **Criminal law** ⬅➡881(4)—**On indictment for robbery in one count, verdict finding defendant guilty as charged is sufficient.**

Where the indictment for robbery was in a single count, a verdict finding defendant guilty as charged is sufficient, for it cannot be misconstrued, even though the offense of robbery includes the lesser offense of larceny.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Isaac Baldwin was convicted of robbery, and he appeals. Affirmed.

The indictment is as follows:

The grand jury of said county charges that before the finding of this indictment Isaac Baldwin feloniously took one twenty-dollar bill of the value of twenty dollars ($20.00) and four five-dollar bills of the value of twenty dollars ($20.00), the property of Sol Dismukes from his person and against his will by violence to his person or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the state of Alabama.

E. C. Boswell, of Hartford, and Farmer, Merrill & Farmer, of Dothan, for appellant.

The description of the property was not sufficient. 6 Ala. 845; 87 Ala. 80, 6 South. 391; 147 Ala. 104, 41 South. 911. Several lesser offenses are included in the charge, and the verdict was general, and will not support the judgment of the court. 40 Ala. 21; 16 Ala. 781; 42 Ala. 510; 17 Ala. 627.

J. Q. Smith, Atty. Gen., for the State. No brief reached the reporter.

SAYRE, J. [1] We regard the indictment in this case as sufficient in its allegation as to the identity of the property taken from the person of its owner. "The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended," etc. Code of 1907, § 7134; Pfister v. State, 84 Ala. 432, 4 South. 395. It is impossible to read this indictment and be in doubt as to the import of the words employed. A $20 bill of the value of $20 to the common understanding means a $20 government or bank note of the sort which passes from hand to hand as a measure of value and a medium of exchange in the ordinary business transactions of the country, and so it is not to be presumed that either the defendant or the jury were left in doubt as to the complete meaning of the charge against defendant. Hence our opinion that the property was sufficiently described for the purposes of this indictment for robbery. Wesley v. State, 61 Ala. 282. Further we need not go.

[2] The indictment charged robbery in a single count, and the jury in their verdict found defendant "guilty as charged." It is true that the charge of robbery contained the lesser charge of larceny, of which, in a proper state of the evidence, the defendant might have been convicted (Morris v. State, 97 Ala. 82, 12 South. 276), but in that event it would have been necessary for the verdict to designate the offense for which conviction was had; such a verdict operating as an acquittal of the graver offense charged. The verdict in this case cannot be misconstrued, and the sentence in pursuance of the punishment fixed by the jury was correct.

Turner v. State, 40 Ala. 21, cited by appellant, presented a very different question. In that case the ruling was simply that on the trial of an indictment under a section of the Code of 1852 it was necessary that the jury fix the punishment, and that the verdict rendered was void for its failure in that particular. Nor are homicide cases in point, for in them the statute requires that the jury ascertain the degree of the crime, and this requirement has been held to be mandatory even where the jury finds the defendant guilty of murder in the first degree. Howerton v. State, 191 Ala. 13, 67 South. 979. And so even where the charge is one of murder committed by means of poison which can be nothing but murder in the first degree. Johnson v. State, 17 Ala. 618, 627.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes