(101 So. 779)

ADKINS et al. v. STATE.　(7 Div. 968, 969.)

(Court of Appeals of Alabama.' Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

1. Homicide ☞203'(3)—Proper predicate held to have been laid for admission of dying declaration.

Proof that witness, who was 160 yards from place of fatal difficulty, heard shooting and went there immediately and found deceased mortally wounded, and in reply to question deceased stated, "I am killed," and died there in a short time, furnished proper predicate for admission of dying declaration naming slayer.

2. Criminal law ☞693—Objection, not interposed until after question answered, held too late.

Objection not interposed to question until after it was answered was too late.

3. Criminal law ☞1043(2) — General objections to testimony not considered.

An objection that dying declaration was incompetent, irrelevant, and immaterial is insufficient, as under Circuit Court Rule 33, Code 1907, p. 1527, appellate court will only consider grounds of objection specified.

4. Criminal law ☞404(3)—Bullets, and evidence as to size of bullet holes in body of deceased, admissible on question of whose gun used.

Bullets found in body of deceased, and evidence as to size of bullet holes in body, were admissible in determining whose gun was used.

5. Homicide ☞171(1)—Evidence as to course of bullets in wounds of companion of deceased, shot in same difficulty, held admissible.

Where several defendants had participated in killing, evidence as to course of bullets in wounds of companion of deceased, shot in same difficulty, was admissible as tending to show relative position of parties at time of shooting, and to corroborate testimony that all defendants participated in killing with common intent to rid themselves of their adversaries.

6. Criminal law ☞696(2)—Error in overruling objection to question waived by failure to move to exclude answer.

Failure to move to exclude answer precludes defendant from urging error in overruling objection to question.

7. Criminal law ☞829(1)—No error in refusing instructions covered by oral charge.

There is no error in refusing charges covered by oral charge.

8. Criminal law ☞813—Abstract charge properly refused.

Abstract charges are properly refused.

9. Homicide ☞300(3)—Requested charge on self-defense held erroneous as omitting elements.

Requested charge that burden was on defendant to make out plea of self-defense, but, if under evidence and oral charge jury had reasonable doubts as to whether plea was made out, defendants were entitled to acquittal, *held* erroneous for failing to define elements of self-defense.

10. Criminal law ☞815(1)—Instruction must require finding to be based on evidence.

Court's instructions must require finding of jury to be based on evidence.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Warner and Burnett Adkins were convicted of manslaughter in the first degree, and they appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Adkins et al., 212 Ala. 125, 101 So. 780.

Charge 5, refused to defendants, is as follows:

"I charge you that the burden is on the defendants to make out his plea of self-defense; but if when all the evidence is all considered, and under the oral charge as to what constitutes self-defense, you have a reasonable doubt as to whether the plea is made out, then the defendants are entitled to the benefit of the doubt, and you should not convict them."

Isbell & Scott, of Ft. Payne, for appellants.

Counsel argue for error in rulings on the trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Proper predicate was laid for the dying declaration, and only a general objection was interposed. Moore v. State, 16 Ala. App. 503, 79 So. 201; Carter v. State, 205 Ala. 460, 88 So. 571; Tyler v. State, 207 Ala. 129, 92 So. 478. The bullet was properly allowed in evidence, and testimony as to wounds. Suttle v. State, 18 Ala. App. 411, 92 So. 531; Manly v. State, 16 Ala. App. 475, 79 So. 149. Charge 5 was bad for use of the word "self-defense." Collins v. State, 17 Ala. App. 186, 84 So. 417. Charges not requiring the finding of the jury to be based on the evidence are well refused. Edwards v. State, 205 Ala. 160, 87 So. 179.

FOSTER, J. Defendants were jointly indicted for murder in the second degree and convicted of manslaughter in the first degree.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The evidence for the state tended to show that Warner Adkins, a deputy sheriff of De Kalb county, was accompanied by Burnett Adkins and one Kirk Ellison in search of a still. After failure to locate the still and upon their return from the search after levying on certain personal property of one Elevins, they encountered John Adkins, Andrew Adkins, and Reynold Adkins, and a difficulty ensued in which Andrew Adkins was shot and wounded, John Adkins was killed, and defendant Warner Adkins was wounded. The defendant Warner Adkins testified that he shot three times, Andrew Adkins shot four times, and Burnett Adkins shot three times. As to who was at fault in bringing on the difficulty there was a sharp conflict in the evidence.

[1-3] After proof that a state's witness who was 160 yards from the place of the fatal difficulty heard the shooting and went there immediately and found deceased lying on the ground mortally wounded, and asked deceased if he was hurt, and deceased replied, "I am killed," and died there in a little while, proper predicate was laid for the admission of the dying declaration of deceased when asked, "Who done it?" he replied, "Burnett." Moore v. State, 16 Ala. App. 503, 79 So. 201; Tyler v. State, 207 Ala. 129, 92 So. 478. No objection was interposed to the question. There was objection to the answer on the grounds that it was irrelevant, incompetent, and immaterial, and motion to exclude was overruled and exception reserved. The objection came too late. Moreover, the answer was not objectionable on the grounds specified. Circuit Court Rule 33, Code 1907, p. 1527, provides:

"When in the progress of the trial of any cause in a court of original jurisdiction, objection and exception are reserved to introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered in error, unless the record shows that the grounds of objection were specified. In all cases, the presiding judge, before ruling on any objections to testimony, may call on counsel to specify the grounds on which it is rested; and the appellate court in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified."

[4] One of the bullets found in the body of deceased was introduced in evidence over the objection of defendant. This did not constitute error, as it was pertinent to the inquiry as to whose gun was used in shooting deceased. The evidence as to the size of the bullet holes in the body of deceased was admissible for the same purpose. Suttle v. State, 18 Ala. App. 411, 92 So. 531.

[5] Exception was reserved to the action of the trial court admitting evidence as to course of the bullets in the wounds of Andrew Adkins, who was shot in the same difficulty in which deceased was killed. Such evidence was admissible as tending to show the relative position of the parties at the time of the shooting and was by the court limited to such purpose. It was also relevant to corroborate other testimony of state's witnesses that each of the defendants participated in the killing with the common intent to rid themselves of their adversaries. Miller v. State, 130 Ala. 1, 30 So. 379; Hawes v. State, 88 Ala. 37, 7 So. 302.

[6] Mrs. J. F. Austin, witness for state, was asked upon direct examination, "I will ask you to state to the jury what kind of gun you heard first?" An objection to this question was overruled. Failure to move to exclude the answer precludes the defendant from availing himself of any erroneous ruling of the court overruling objection to the question. Rector v. State, 11 Ala. App. 333, 66 So. 857; Johnson v. State, 4 Ala. App. 62, 58 So. 754. The above principle of law also disposes of the insistence of defendant that error was committed in the admission of the testimony of J. F. Blevin as to "the route from his place up to Dr. Edwards."

[7, 8] Charges L and 7 were substantially covered by given charge C as well as by the oral charge of the court. Charges 2, 3, and 4 are abstract and were properly refused.

[9] Charge 5 was bad in that it failed to define the elements of self-defense. Collins v. State, 17 Ala. App. 186, 84 So. 417; Powell v. State, 5 Ala. App. 75, 59 So. 530.

[10] Charge 6 is bad in that it does not require the finding of the jury to be based upon the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179.

Charge 8 was substantially covered by charge B as well as by the oral charge of the court.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.