(117 So. 397)

CULBERSON v. STATE. (7 Div. 382.)

Court of Appeals of Alabama. June 12, 1928.

494

Chas. J. Scott and A. E. Hawkins, both of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. ▮ With reference to the admission in evidence of testimony as to statements of the deceased as dying declarations, it has been said that:

"On account of the character of this kind of evidence, the rule requires that it be received with very great caution, and that the primary facts upon which its admissibility depends should be closely scrutinized; and although it is not an indispensable prerequisite that deceased should in so many words express his conviction that he was in extremis—that death was impending—that there was no hope of life—yet the judicial mind should be clearly satisfied, after careful consideration of all the circumstances, that, at the time the declarations were made, such was the conviction of the mind of the defendant." Justice v. State, 99 Ala. 180, 13 So. 658.

▮ Applying the above-quoted rule to the testimony of the witness Blalock, as to a statement made to him by the deceased in this case, we are of the opinion, and so hold, that the trial court committed reversible error in overruling defendant's objection to the question calling for said testimony, and in denying his motion to exclude same. The learned court seems to have acted on the theory that Blalock's said testimony was rendered competent and admissible by what had been testified to by the widow of deceased, but an inspection of the bill of exceptions discloses that the time that she said she and Blalock were together in the presence of deceased, which she says was after deceased had expressed his conviction that "he could not live" may not have been the time when the statement was made to Blalock. This, for the reason that she said it was only "about a minute or two before he died," and Blalock said the time he heard the statement he testified to was "something like an hour before he died." For aught that appears, the widow may not have been present when the statement was made to Blalock, and there is nothing to cause it to affirmatively appear that the alleged statement to Blalock was made when deceased was conscious of the fact that he was in extremis. Our conclusion in this regard is fortified from the fact that the "statement" testified to by the widow, which the trial judge evidently apprehended was made in the presence of Blalock, is different in material and important aspects from that testified to by Blalock.

The other questions raised will not likely arise upon another trial, and will not be here considered. They involve none other than well-known principles of law.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.