(121 So. 904)

## MOOMAW v. STATE. (8 Div. 717.)

Court of Appeals of Alabama. April 16, 1929.

Jas. C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ■ The controlling statute on punishment is section 5265 of the Code 1923; and this statute provides that, in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county. In this case the jury fixed the punishment at one year, after having found the defendant guilty of manslaughter in the first degree. The court properly therefore sentenced the defendant to hard labor for the county for the term of one year. Hicks v. State, 21 Ala. App. 335, 108 So. 612.

■ The principal insistence of error upon this appeal is predicated upon the action of the court in allowing in evidence purported dying declarations of deceased in the absence of proper predicates. The rule governing the admission in evidence of dying declarations is so well established and has been so often announced we shall refrain from discussing it, other than to say it is well understood. in order to render such declarations competent, the deceased, *at the time, of the declaration,* must have been under a sense of approaching death without any hope of recovery. In the *instant case no such con-*dition was shown, or even attempted, in connection with the statements made by the injured man Schull, to witnesses Minnie Schull and Arlie Schull. Minnie Schull (sister-in-law) testified in this connection: "I knew Riley Schull (deceased) during his lifetime and was at the hospital after he was shot. I heard him talk at the hospital, but I did not hear him talk about his condition. And I did not hear him talk about whether he was going to get well or not. I did not hear him talk on Saturday, it was Friday I heard him after he had been sent to the hospital." This predicate was insufficient to render admissible as evidence the several incriminating statements made to this witness by the injured man, and to which, over proper objection and exception, she was permitted to testify. The same is true as to witness Arlie Schull. This witness was permitted, over objection and exception of defendant, to give in detail several statements made to him by Schull as to the difficulty, and no effort was made by the state to render these declara-

126

tions competent. There was nothing to show that *at the time of making these declarations* the declarant .labored under a sense of approaching death and had no hope of recovery. The fact that a so-called predicate had been laid to another witness several days prior would not suffice as the trend of declarant's mental attitude may have undergone a decided change pending this long period of time; and, as stated, such declarations are not competent as evidence, unless at the time of utterance the declarant is in extremis as above indicated. Culberson v. State (Ala. App.) 117 So. 397.[1] There was also error in not permitting the defendant to cross-examine this witness upon matters testified to by him on his direct examination. The rulings in this connection were clearly in conflict with the elementary rules of evidence. The statute itself (section 7731, Code 1923) provides: The right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him.

In addition to numerous other insistences of error, it is urged that the court committed reversible error in overruling defendant's motion for a new trial. These questions may not arise upon another trial, and, as the judgment of conviction must be reversed because of the errors hereinabove indicated, no necessity appears for further discussion.

Reversed and remanded.

