(137 So. 40)

## MOOMAW v. STATE.
### 8 Div. 259.

Court of Appeals of Alabama.
June 30, 1931.

Rehearing Denied Aug. 4, 1931.

460

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Jas. C. Roberts, of Florence, for appellant.

SAMFORD, J.

The defendant was indicted for murder in the second degree. On his first trial he was convicted of manslaughter in the second degree. From this judgment he appealed and the judgment was reversed. Moomaw v. State, 23 Ala. App. 125, 121 So. 904. On this trial, proper pleas having been interposed, he was tried on the charge of manslaughter in the second degree, was convicted as charged, and a judgment rendered fixing his punishment at six months' hard labor for the

county and to pay a fine of $250. It is urged that this judgment is erroneous for that the judge in his charge to the jury only authorized or instructed them to fix the punishment at hard labor or to imprisonment in the county jail, whereas the jury by its verdict went further and assessed a fine in addition to the hard labor. We have examined the record and find that the court omitted in his oral charge to instruct the jury that in addition to the hard labor punishment they might go further and impose a fine; but the jury was within the law in the verdict rendered, whether so charged or not, and the court by its judgment accepted the verdict, thereby carrying into effect the verdict rendered by them. Under section 4462 of the Code of 1923, it is within the province of the jury to fix the punishment, and when a jury acts within that statute the verdict will sustain the judgment based thereon. Bates v. State, 170 Ala. 26, 54 So. 432.

■ The evidence was in conflict on the question of self-defense, and hence the general charge was properly refused, and we do not find that the great weight of the evidence is against the verdict so as to entitle defendant to a new trial.

■ The further insistence is made that no sufficient predicate is shown for the admission of the dying declaration of the deceased. On this point the wife of deceased testified: "He said they had killed him and he said he could not get well." There were other expressions from the dying man indicating a belief in his impending dissolution, but the above concrete statement, coupled with the character of the wound, is a sufficient predicate for a dying declaration. Adkins v. State, 20 Ala. App. 278, 101 So. 779; Norris v. State, 16 Ala. App. 126, 75 So. 718.

■ The fact that the statement of his hopeless condition was made by deceased shortly after he was shot on Thursday night, and the dying declaration was not made until Saturday before he died about 8:30 that night, is no reason for the exclusion of the statement. The deceased was grievously wounded, by a gunshot wound in the thigh which severed the thigh bone; he was taken from his home to the hospital for an operation Friday morning; he constantly grew weaker and worse until he died Saturday night. There is nothing in the evidence to indicate a change of mental attitude or that his hope of life had revived from the time he was shot until his death. Under these conditions the declarations as to the difficulty made Saturday were admissible. Boulden v. State, 102 Ala. 78, 15 So. 341; Kirklin v. State, 168 Ala. 83, 53 So. 253.

■ It is the exclusive province of the court to determine the admissibility of dying declarations, and it is the province of the jury to pass upon their credibility and sufficiency. Faire v. State, 58 Ala. 74. In passing upon the admissibility of dying declarations, the court is not held to positive evidence of a knowledge on the part of deceased of impending dissolution, but may infer same from the conduct and condition of deceased. The prerequisite is that they shall be made under a sense of impending dissolution. When this is shown, the testimony is properly admitted, although the declarant may never have expressed the conviction that he must die. Wills v. State, 74 Ala. 21; Kilgore v. State, 74 Ala. 1.

■ It was proper to admit the trousers worn by the deceased at the time of the homicide. The deceased was shot in the leg and it went through the trousers. Hyche v. State, 217 Ala. 114, 114 So. 906; Id., 22 Ala. App. 176, 113 So. 644; Jones v. State, 22 Ala. App. 472, 116 So. 896.

■ Insistence is now made that the court committed error in admitting hearsay evidence during the examination of Ollie Schull. The court did commit error in permitting the solicitor to ask the witness: "You heard the Moomaws were going to claim this boy had a knife didn't you?" But this question was answered in the negative, which cured the error.

The other exceptions reserved to the rulings of the court on the admission of testimony are either free from error or are of such a nature as not to affect the substantial rights of defendant.

■ The refused charge which we have marked "X" is covered in other charges given. Charge 3 is properly refused as being invasive of the province of the jury. Charge B is an argument, and charge C is the general charge, which has already been passed upon.

We find no error in the record, and the judgment is affirmed.

Affirmed.