142 So. 34

## LEVERT v. STATE.
### 6 Div. 69.

Supreme Court of Alabama.
Jan. 28, 1932.

Rehearing Denied June 11, 1932.

F. F. Windham, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

**THOMAS, J.**

This is the second appeal. Levert v. State, 221 Ala. 510, 129 So. 475.

■ The indictment for robbery was as required by law to charge the commission of that felony. Section 4556, Form 96.

■ The description of the property alleged to have been feloniously taken was sufficient. Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am. St. Rep. 17; Owens v. State, 104 Ala. 18, 16 So. 575; Brown v. State, 120 Ala. 342, 349, 25 So. 182; Baldwin v. State, 204 Ala. 91, 85 So. 304; Gady v. State, 83 Ala. 51, 3 So. 429; Carden v. State, 89 Ala. 130, 7 So. 801; Duvall v. State, 63 Ala. 12.

Defendant was duly arraigned and a special venire drawn, and all the preliminary requirements under the law were duly observed by the trial court. The record shows the presence of the defendant and his counsel during all the proceedings from his arraignment to and through his sentence, suspension of sentence and appeal.

■ The several questions propounded on cross-examination to the state's witness Williams, as to the "general talk in that community," and if it was not "generally reputed around there" or "being talked around" that witness and Henry Taggert were "mixed up in it" or "implicated in this" (meaning the robbery of Vincent Virga), and "did you ever hear anybody say anything about you being implicated in that robbery," were refused without reversible error. He had testified that he and Henry Taggert were together that night in the immediate vicinity of the robbery and they were searched. The cases cited by appellant were upon the wide latitude generally allowed on cross-examination to show interest, bias, or prejudice. Brown v. State, 79 Ala. 61, where it was the duty of a witness to speak the truth and he omitted in his statement "facts to which he testifies on the trial"; Patton v. State, 197 Ala. 180, 184, 72 So. 401, where the witness had exhibited his friendship for defendant, it was held competent to inquire of his feelings for the deceased; Granade v. United States Lumber & Cotton Co. (Ala. Sup.) 139 So. 409,[1] where a witness showed feeling or interest as to one party to the suit, was to answer on cross-examination as to the state of his feeling or interest to or affecting his rights with the other; Patterson v. State, 156 Ala. 62, 47 So. 52, 54, where it was permissible on cross-examination to inquire as to defendant's "motives for particular acts testified to by him." Yarbrough v. State, 115 Ala. 92, 22 So. 534, dealt with the statement of a fact of a past transaction that was hearsay and disallowed. Here, the witness had stated the facts—that he and Henry were behind the post and saw the men with the guns at the time; that he was arrested or searched at the time and in the immediate vicinity of the commission of the felony. And the several rulings were without reversible error.

■ The proper predicate for introduction of the witness Taggert at the former trial was sufficiently laid—his death was admitted and known to the parties before the trial. The solicitor who testified stated that Taggert was present and duly testified on former trial; that witness was present and remembered that testimony and reproduced it under oath to the jury over the defendant's objection and exception. In this action of the court there was no reversible error. Hines, Director Gen., v. Miniard, 208 Ala. 176, 94 So. 302, and authorities; Jacobi v. State, 133 Ala. 1, 32 So. 158; Id., 187 U. S. 133, 23 S. Ct. 48, 47 L. Ed. 106; Marler v. State, 67 Ala. 55, 42 Am. Rep. 95; Lowe v. State, 86 Ala. 52, 5 So. 435; South v. State, 86 Ala. 617, 6 So. 52; Pruitt v. State, 92 Ala. 41, 43, 9 So. 406; Wigginton v. State, 205 Ala. 147, 87 So. 700; Roman, Trustee, v. Lentz, 177 Ala. 64, 58 So. 438; Long v. Davis, 18 Ala. 801; Fuqua v. State, 2 Ala. App. 47, 56 So. 751; Brown v. State, 11 Ala. App. 321, 66 So. 829; Pressley v. State, 18 Ala. App. 40, 88 So. 291; Greenl. on Ev. § 163.

---

[1] 224 Ala. 185.

■ There was no error in allowing the question to witness Givhan whether C. D. Levert or any of the robbers got shot at the time of the robbery, nor in the admitting of the answer in the negative. He had stated the facts that Levert was not in the "crowd that robbed Vincent Virga that night." It was a proper cross-examination as to the facts and a part of the res gestæ. Morris v. State, 146 Ala. 66, 94, 41 So. 274; Collins v. State, 138 Ala. 57, 34 So. 993.

■ The witness Taylor having testified to the good reputations at Smithfield and in Sipsey of Henry and Andrew Levert—places where they had lived in former years—stated on cross-examination that he had not discussed their reputations with people around Smithfield, and limited his testimony to their reputations at Sipsey; was asked on redirect examination if he ever heard anything against the reputation of the defendant at Smithfield; and answered that he had not heard "anybody at Smithfield discuss the defendant." Defendant sought to ask further:

"Q. Nobody told you around there that he was a bad negro or dishonest or anything like that?

"Counsel for the State objected to the question.

"The Court sustained the objection, and the defendant duly and legally excepted."

In this ruling there was no error; he had stated the fact and his opportunity for knowing the general reputation of defendant; there was no error in declining this redirect examination by defendant's counsel as to specific declaration.

■ Testimony of the character of a witness, confined on direct examination to general reputation in the neighborhood, may be tested on cross-examination by inquiry as to specific acts. Hussey v. State, 87 Ala. 121, 132, 6 So. 420; Steele v. State, 83 Ala. 20, 3 So. 547; Jones v. State, 76 Ala. 8; Ex parte Vaughn, 203 Ala. 700, 82 So. 894; Id., 17 Ala. App. 35, 81 So. 417; Stout v. State, 15 Ala. App. 206, 72 So. 762; Sexton v. State, 13 Ala. App. 84, 69 So. 341; Wharton, Cr. Ev. §§ 259, 260; 1 Greenl. Ev. § 55.

■ There was no abuse of the sound discretion of the court in declining to put the state upon a showing as to absent character witnesses. Williams v. State (Ala. Sup.) 138 So. 291;[2] Cagle v. State, 211 Ala. 346, 100 So. 318; Rodgers v. State, 144 Ala. 32, 40 So. 572. The ruling did not deprive defendant of the benefit of constitutional guaranty of compulsory process. Jarvis v. State, 220 Ala. 501, 126 So. 127; Ledlow v. State, 221 Ala. 511, 129 So. 282. It was shown the witnesses in question were summoned and excused by defendant's counsel on the idea that Henry Taggert was dead and witnesses impeaching

him were unnecessary. No agreement of counsel was shown that the state would not use Taggert's former evidence after proper predicate therefor—the testimony of the witness on former trial by examination and cross-examination and a stenographic report thereof by witness established on the second trial by testimony of the assistant solicitor. The record has been carefully considered on the question of surprise and continuance, and we will not reverse the denial of the trial court of that motion.

■ The robbery was about 10 o'clock at night, and the evidence of Savannah Foshee was to the effect that defendant was at her house gambling, and the game broke up about 7:30 or 8 o'clock; that she did not remember whether he was in the second game that lasted until 10:30 or 11 o'clock. No error was committed in asking defendant if he knew this woman when he had testified that he was not in Birmingham at the time, and therefore not at Foshee's house on the night of the crime. He had admitted knowing a woman named Savannah, but did not know her last name. No error was committed in calling Savannah Foshee for defendant's identification or denial, nor in the ruling on his statement, "I don't know her, but I have seen her."

■ It was competent for the state to ask defendant on cross-examination about the alibi he had set up (being in Hale county that night); if he, his brother and others were not in Cannepa's store about 12 o'clock on the night of the robbery. Defendant had testified that he "never heard the name of Cannepa's store;" and it was shown by other testimony that the store of the party robbed was not far away on Sixth avenue, and the testimony of Frank Cannepa was that his store was on Eighth avenue, Birmingham, and that defendant and his brother were there after the robbery at such time and place. State v. Carter, 51 La. Ann. 442, 25 So. 385; Miller v. State, 130 Ala. 1, 30 So. 379; Gassenheimer v. State, 52 Ala. 313. The court restricted Cannepa's evidence to "just the hour" the defendant and others came to his place not remote from the scene or time of the robbery, and, on defendant's motion, "about the shooting" was excluded. It was material and competent on the question of defendant's presence vel non at the time and place of the crime in Jefferson county, and not in Hale county, as he testified. Every case of this kind must be decided upon its particular facts.

The whole of the colloquy between counsel and the court before the jury, and the rulings thereon, have been examined by the justices, and we are of opinion that they were not prejudicial to reverse. Watson v. Adams, 187 Ala. 490, 499, 500, 65 So. 528, Ann. Cas. 1916E, 565; Wills v. State, 15 Ala. App. 454, 456, 73

---

[2] 224 Ala. 6.

So. 766; Stephens v. State, 17 Ala. App. 548, 549, 86 So. 111.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.

