165 So. 261

## ARRINGTON v. STATE.

### 4 Div. 207.

Court of Appeals of Alabama.
Nov. 12, 1935.

Rehearing Denied Dec. 17, 1935.

M. I. Jackson, of Clayton, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Wm. H. Loeb, Asst. Attys. Gen., for the State.

While we might, and do, entertain serious doubt that appellant was sufficiently shown by the evidence to have actually intended to murder the party driving the pursued car, yet whatever revisory powers we possess in that regard are not called into play by the record before us. We are clear to the conclusion that the evidence made a case for the jury, at least in the first instance, even under the holding of the majority of our Supreme Court in the case of Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

The few exceptions reserved on the taking of testimony have each been examined, as well as the written charges refused to defendant (appellant). But we see no need to discuss same. It is manifest that no error prejudicial to appellant's rights was committed in any ruling invoked and made.

The judgment of the lower court is affirmed.

Affirmed.

RICE, Judge.

■ ■ The indictment charged, correctly, "assault with intent to murder," in a single count. The jury's verdict found appellant (defendant) "guilty as charged." Judgment and sentence followed, accordingly. We think neither the verdict nor judgment rightfully subject to misconstruction. They are as definite as the law seems to require. See Baldwin v. State, 204 Ala. 91, 85 So. 304. Certainly the sentence cannot be misunderstood.

■ Appellant was an officer of the law —policeman of the town of Clio. By his own admission he had "taken a drink" (of whisky, it is apparent). While under the influence of this "drink"—whatever the degree of the "influence"—he went, in the deep nighttime, in pursuit of a car driven by one Parish—a man whom he did not know, and against whom no charges were pending nor preferred. During this pursuit he, by his same own admission, fired three shots from a deadly weapon at the car in which the said Parish was riding—true, he says, at the "tires" of said car—though the fact remains that one or more bullets from his pistol struck the car at a point above the tires.