188 So. 274

### WILSON v. STATE.

### 8 Div. 836.

Court of Appeals of Alabama.

April 18, 1939.

No attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

**RICE, Judge.**

Appellant admitted that he shot and killed one Wilbur Harris; but claimed that he did it in self-defense, as that term is known to the law.

Upon a trial under an indictment charging him with the offense of murder in the first degree, he was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years.

The testimony was in hopeless conflict; that for the State making out a clear case of murder in the first degree; and that for the defendant (appellant) tending to support his plea of not guilty by reason of "self-defense." None but a jury, it seems to us, could adequately mete out justice in such circumstances.

Appellant was the operator of what was variously described as a "beer joint," or "dance hall and beer parlor"—at any rate it was a place where people resorted for the purpose of buying and drinking beer, eating, dancing, and sometimes fighting.

On the night when the killing here in question took place, it seems to well merit the description "hell-hole."

Wilbur Harris was killed as a sort of aftermath to a more or less general fight within the confines of the "dance hall,"—largely among drunken people. We do not see that it would be profitable to say more of the testimony than we have said hereinabove.

One of the principal exceptions apparent is to the ruling by which testimony as to a "dying declaration" made by deceased was admitted into the evidence.

No general rule has ever been laid down by the courts for the admission of dying declarations, and the facts of each case must be weighed and considered in determining whether the requisite consciousness of impending dissolution existed. Parker v. State, 165 Ala. 1, 51 So. 260.

However, our Supreme Court and, perforce, this Court, have held, in the cases of Lewis v. State, 231 Ala. 211, 164 So. 92; Gilmer v. State, 181 Ala. 23, 61 So. 377; Oldham v. State, 26 Ala.App. 339, 161 So. 546; Moomaw v. State, 24 Ala.App. 459 137 So. 40, and other cases that might be cited—the holding in nearly all of said cases referring back to what was said by Mr. Justice Stone in the case of Wills v. State, 74 Ala. 21—to-wit, that "The pre-requisite is, that they [referring to dying declarations, we interpolate] shall be made under a sense of impending dissolution. When this is shown, the testimony is properly admitted, although the declarant may never have expressed the conviction that he or she must die."

As said by Mr. Justice Knight, in the opinion in the case of Lewis v. State, supra [231 Ala. 211, 164 So. 94]: "The question, of course, of determining whether the declaration of the deceased was made under such circumstances as to bring the statement within the exception to the general rule forbidding hearsay testimony, is addressed to the trial court, and this court ought not to reverse the action of the trial court in admitting the declaration whenever from the facts and circumstances of the case it may be legitimately inferred by the court that the dying declaration was made under a sense of impending dissolution."

And "it has been said that it may be inferred that the declarant was under a sense of impending dissolution from his apparent condition, such as the nature of his injuries * * * and his evident danger." Citing 30 Corpus Juris § 505, p. 266.

Without detailing the testimony bearing upon the matter, it is sufficient, here, to state, that, measuring the ruling admitting into the evidence the testimony as to deceased's dying declaration by the law as we have quoted it hereinabove, it is at once apparent that the learned trial court committed no error in the regard under consideration.

The other exceptions reserved on the taking of testimony have each been examined. But in no instance do we find the ruling, underlying, any other than obviously correct or innocuous. It seems not worth while to discuss same seriatim.

In addition to a very comprehensive oral charge—correct, so far as we can observe, in every particular—there were given to the jury at appellant's request a very large

number of written charges. No principle of the law applicable to any issue in the case seems to have been omitted from the jury's instruction.

The written requested charges appearing in the record endorsed "refused" were obviously refused without error.

We find nothing for which the judgment of conviction ought to be reversed; and it is affirmed.

Affirmed.